AI/L/FN, J.,
 

 delivered the opinion of the Court.
 

 In the case of Williamson v. Gayle, 4 Gratt. 180, it was decided that the act of 1830-31, Sup. Rev. Code, p. 148, limiting appeals to this Court, refers to the time “of presenting the petition for an appeal to the Court, or a Judge in vacation. That if the petition be presented within five years from the date of the judgment or decree, the appeal is
 
 not
 
 barred by the statute. That the appeal being allowed, the cause was pending in the Court of appeals ; and that the failure of the appellant to execute the appeal bond directed to be given on granting the appeal, did not avoid the appeal. In the opinion given in that case it was said that ‘ ‘ by the terms of the statute, the limitation applies to the time at which the petition shall be preferred to the Court, or any Judge in vacation. The law is silent as to the period within which the bond may be given. The petition may be preferred on the last day allowed bjr law, and will be within time, but if not acted on within the five years by the Judge or Court, bond could not be given within the five years, or if acted on within the time limited, it might be impossible, from the remoteness of the county, to execute the bond in time. In such instances, would it be contended the party had lost his right to appeal?”
 

 The law as thus construed, with the reasons assigned for such construction, were before the legislature at the late revision. The Code of Virginia, ch. 182, $ 17, p. 686, provides that “no process shall issue on any appeal, writ of error or supersedeas allowed to or from a final judgment, decree or order, if, when the record is delivered to the clerk of the appellate Court, there shall have elapsed five years since the date of such final judgment, decree or order: But the appeal, writ of error or supersedeas shall be dismissed whenever it appears that five years have elapsed since the said date before the record is delivered to such clerk, or before such bond is given as is required to be given before the appeal, writ of error or supersedeas takes effect.”
 

 Under this law, although the petition may have been preferred, and appeal allowed, within the time limited, *yet if the record be not delivered to the clerk of the appellate Court; and where bond is required, if it be not also given within five years from the date of the judgment, the appeal must be dismissed. No reservation is made to meet the cases of hardship suggested in the opinion delivered in Williamson v. Gayle, or to secure a perfect equality between suitors residing near to or remote from the places at which the sessions of the Court are held. A short proviso allowing a certain number of days from the date of the order granting the appeal, to file the record and give bond, when required, though the five years should have elapsed, would have remedied the inconvenience, if it had been deemed of any importance to provide for it. In the absence of
 
 *156
 
 any such provision, the law is imperative, and no discretion is left to the Court. Parties desiring to apply for appeals must make their applications in time not only to allow the Court or Judge to act upon it, but also to allow themselves time to file the records in the appellate Court, and to give the bonds required. In the present case a final decree was rendered by the Circuit court of Powhatan county on the 10th November 1845. It does not appear when the petition was presented, but an appeal was allowed in Court on the 8th November, and process issued on the 9th of November 1850; and it appears from the certificate of the proper clerk that an appeal bond was executed on the 18th of December 1850. Five years from the date of the decree had not elapsed before the record was delivered to the clerk, but more than five years had elapsed since the date of the decree before the bond was given. It therefore falls within the terms of the law, and the appeal must be dismissed. The appeal was allowed under the act in the New Code, the only law in force at the time, regulating appeals, and must be governed by its provisions. Not being a prosecution, suit or proceeding pending on the 1st July 1850, when the Code
 

 *went into operation, it is not affected by the 18th section, ch. 16, p. 101, and the 2d section, ch. 215, p. 800 of the Code, providing that the repeal of the previous acts should not affect any prosecution, suit or proceeding pending on that day. The proviso in the act for limitation of suits as to rights existing when the Code takes effect, contained in the 19th section, ch. 149, p. 594, is restricted to actions and rights barred by that chapter, and does not extend to the law limiting and regulating appeals. _