Allen, J.
after stating the case proceeded:
The supersedeas being awarded after the new Code went into operation, it must, according to the case of Yarborough v. Deshazo, 7 Gratt. 374, be regulated by its provisions. And it is contended that by the new Code, although it may appear that a freehold or franchise was drawn in question upon the trial, yet as the damages found are under two hundred dollars, this Court has no jurisdiction. The Code, ch. 182, § 2, p. 683, provides that no petition for an appeal from, or writ of error or supersedeas to a judgment, decree or order of an inferior Court shall be presented when the matter in con *551 troversy is merely pecuniary and not of greater amount than two hundred dollars, exclusive of costs. Upon this provision it becomes necessary to ascertain what is meant by the phrase, the matter in controversy merely. Is it restricted to that, which in the language of Judge Roane in Lewis v. Long 3 Munf. 135, 154, is of the essence and substance of the judgment, and by which the party may discharge himself? or is it to be construed as embracing any other matter which may be incidentally and collaterally drawn in question? In this case we are relieved from the necessity of going into a laborious investigation as to the meaning of the words and the intent of the legislature in making use of them. The phrase, “ the matter in controversy,” when used in relation to the appellate jurisdiction of this Court, has already received a judicial exposition leading to special legislation. The legislature was familiar with this construction; and when therefore words are used which in the same connection had received a judicial construction, it must be intended that the words are used in the sense which had been given to them.
The act of 1792 concerning the Court of appeals, provided that the Court should have jurisdiction, if the matter in controversy should be equal in value, exclusive of costs, to 100 dollars, if a judgment of the District court, or be a freehold or a franchise. Under this act it was determined in the cases of Hutchinson v. Kellam, and Lymbrick v. Seldon, 3 Munf. 202, that to give the Court jurisdiction on the ground that the matter in controversy was a freehold or franchise, the right to the freehold or franchise must be directly the subject of the action; and not have been incidentally or collaterally drawn in question. In both cases the action was trespass quare clausum, fregit, and the damages recovered less than 100 dollars: but it appeared from the records that the titles or bounds of land were drawn in question. “ To give this Court jurisdiction,” Judge *552 Cabell observed, “ the matter, in controversy must be equal in value to 100 dollars, or must be a freehold or franchise. The action of trespass is one in which damages only are recovered, and although the title or bounds Qf jan(j may pje incidentally and collaterally brought in question, yet the value of the matter in controversy is from the nature of the action the value of the damages sustained by the trespass; and this as well where the title or bounds of land may be drawn in question as where they may in no manner be involved in the dispute.” Roane and Fleming concurred with Cabell, and Roane adverted to the considerations which may have operated in inducing the legislature to make a distinction between this Court and the District courts in respect to the appellate jurisdiction of the latter from judgments of the County courts. The act of 1792, regulating the jurisdiction of the District court, had authorized an appeal from the County courts where the debt or damages or other thing recovered or claimed, exclusive of costs, should be of the value of 100 dollars, or where the title or bounds of land should be drawn in question. Coalter, who dissented from the other Judges, had argued, that as this act was in pari materia, and had passed at the same session, both acts should be construed together as forming one system. Alluding to these different provisions, Roane remarked, “ That the District courts being skilled in the law might in the opinion of the legislature, well be trusted with the final decision of questions of that nature, except where the sum found is over the limits of the act, or where the controversy is for the freehold or franchise itself.”
The case of Lewis v. Long, 3 Munf. 136, was an action of debt on a single bill for more than 100 dollars; the jury found for the plaintiff the debt in the declaration mentioned, to be discharged by less than 100 dollars; and the judgment followed the verdict. Upon *553 appeal it was determined that the smaller sum found by the jury, aud not the nominal sum for which judgment was entered, was the matter in controversy between the parties. The matter in controversy, Judge Roane observes, is that which is the essence and substance of the judgment, and by which the party may discharge himself.
A similar expression in the act of Congress establishing the Federal courts was construed in the same manner in the case of the United States v. McDowell, 4 Cranch’s R. 316. That was an action for 20,000 dollars, the penalty of an official bond of the marshal, alleging as a breach the failure to pay over to the United States 320 dollars. There was a decision against the United States, and upon error to the Supreme court it was decided that the matter in dispute being of less value than 2000 dollars, the Court had no jurisdiction. Some years after these decisions, the case of Skipwith v. Young, 5 Munf. 276, was brought up. it was like the present case, an action of trespass on the case for injury to the land of the plaintiff, by the erection of a mill dam. The defendant besides the plea of not guilty, filed a special plea setting out that those under whom he claimed had many years before a mill and dam at the same place, &c. The plea was withdrawn by consent, but with leave on both sides, to give in evidence the special matter in support or avoidance of the matter contained in the plea. There was a verdict for the plaintiff for' one penny damages, subject to the opinion of the Court on a point reserved involving the right of the defendant to build a mill under the circumstances set forth. It thus appeared as well from the pleadings as the finding, that the questions between the parties were the right and title to the land overflowed, and the right to erect and continue the mill and dam; the same questions, which from the instruction moved for and the certificate of facts, would seem to have *554 been drawn in question in the case under consideration. But notwithstanding the imposing form in which the questions were there presented, and although jt was argued and authorities adduced to prove that a verdict anq judgment in an action of trespass quare clausum fregit, in which the pleadings put the freehold in issue, were conclusive as to the right and could be pleaded by way of estoppel, this Court determined that as the damages were less than 100 dollars the defendant could not appeal to this tribunal. In the course of his opinion in this case, Brooke, Judge, remarked, “That the matter in controversy is that for which the suit is brought, and not that which may or may not come in question. In the case relied on in 3 East, Lord Ellen-borough says, the judgment is the fruit of the action and can only follow the particular right claimed, and injury complained of. The injury in the case before the Court is emphatically the matter in controversy, though other matters may have been put in issue; the finding of which by the jury may, if pleaded, estop the party in another action.”
In his opinion the Judge adverted to the consequences of so construing the statute as to extend the appellate jurisdiction to decisions of the inferior Courts, in which matters not directly in controversy, may have been indirectly drawn in question; and argued to shew that under such a construction few cases would escape the jurisdiction of the appellate Court. In consequence of these decisions, the law was amended at the revisal of 1819, and after the words “or be a freehold or franchise,” there were inserted the words, “or where such freehold or franchise, or the title or bounds of land are drawn in question.” Thus the law stood until the new Code superseded it. The appellate jurisdiction was limited to cases where the matter in controversy should be equal to a particular sum or be a freehold or franchise; or cases in which a freehold or fran *555 chise or the title or bounds of land, though not the matter in controversy, should be drawn in question. It was argued that the provision of the new Code was intended to re-enact the former law and carry out its principles, merely increasing the amount from 100 to 200 dollars, exclusive of costs, where the matter in controversy was merely pecuniary. The intention of the legislature must be collected from the expressions used where they are free from ambiguity. One object of the change was to impose a further limitation on the jurisdiction of this Court, and to exclude from it cases of minor importance where the matter in controversy is merely pecuniary. If the matter in controversy for which the action is brought be not merely pecuniary, but embraces something besides, which would be covered by the judgment, an appeal would lie. But we cannot suppose that the legislature, after the repeated adjudications of this Court and the legislation in consequence thereof, could have contemplated embracing by the terms used, every case where any matter not merely pecuniary was drawn in question. Such a construction instead of carrying out the manifest intent to restrict the jurisdiction would enlarge it, and leave the Court with almost unlimited appellate jurisdiction.
As the law stood before, the Court could not take jurisdiction where other matters were drawn in question collaterally, except in a few specified cases involving a freehold or franchise or the title or bounds of land. But if in consequence of the use of the word “ merely” the law is to be construed as still extending to those excepted cases, what is to confine it to them ? The exposition which would embrace the matters provided for by the former law, would equally embrace every other matter not merely pecuniary when drawn in question; although the direct object of the action was the recovery of damages only. And in almost every action, matters in addition to the mere pecuniary *556 amount sought to be recovered may be incidentally ■, . drawn into question during the trial. To suppose that the legislature intended to enlarge the jurisdiction of this Court so as to extend to all such cases, would be impUting to them an intention to give an undefined and almost unlimited jurisdiction, whilst at the same time they were professitig to restrict it within narrower limits. It may be that the effect of the present enactment upon the few excepted cases provided for by the revisal of 1819, was not adverted to, but this Court cannot look beyond the law to ascertain the intent of the legislature ; and confining itself to that, it is constrained to say that in an action like this, sounding in damages merely, those damages are according to the adjudications of the Court, the only matter in controversy; and the amount recovered being less than 200 dollars the Court cannot take jurisdiction, it not being competent to take jurisdiction under the law now in force because a matter not directly in controversy may have been incidentally drawn in question.
The appeal should be dismissed as being improvidently allowed.
The other Judges concurred in Judge Allen’s opinion.
Appeal dismissed.