Moncure P.
delivered the opinion of the court.
This is a motion to dismiss the supersedeas in this case for the failure of the plaintiff in error to execute the bond required of her for the prosecution of the same within the time prescribed by law.
The law under which the supersedeas was issued in this case, is to be found in the Code, chapter 178, section 17, page 1140, which declares that “ no process shall issue upon any appeal, writ of error, or supersedeas, allowed to or from a final judgment, decree or order, if when the record is delivered to the clerk of the appellate court, there shall have elapsed two years since the date of such final judgment, decree or order; but the appeal, writ of error, or supersedeas, shall be dismissed, whenever it appears that two years have elapsed since the said date before the said record is delivered to such clerk, or before such bond is given, as is required to be given, before the appeal, writ of error, or supersedeas takes effect;” &e.
The date of the final judgment, to which the supersedeas applies in this case, is the 13th day of May 1872. The supersedeas bond was not given until the 15th day of April 1875, when more than two years had elapsed since the date of the said judgment. It seems to follow therefore, as a necessary consequence, that the supersedeas must be dismissed under the said law.
This question has, in effect, been decided by this court in the case of Yarborough & wife v. Deshazo, 7 Gratt. 374; the only difference between the law under which that case arose, and the one under which this case arises, being that the limitation prescribed by the *942 law in that ease was five years, while the limitation prescribed by the law in this case is two years.
The law is now, and was when that case was decided, very different from what it was when Williamson v. Gayle, &c., 4 Graft. 180, was decided; and therefore the last named case did not govern the former, and does not govern this case.
The only ground on which the counsel for the plaintiff in error relies to distinguish this case from that of Yarborough wife v. Deshazo is, that there was an appearance in the appellate court in this case by counsel of the defendant in error, within the time for giving the bond, without making any objection on account of the failure to give the bond, which, it is contended, lulled the plaintiff in error into a sense of security, and was a waiver, in effect, of the bond.
The appearance of counsel referred to was merely to have his name marked on the office docket of the ■court, as counsel for the defendant in error; and was not intended to be, and had not the effect of being, a waiver of anything, except, perhaps, the necessity of service of process on his client, when such process could lawfully issue. Certainly it could not have been intended, nor could have the effect, in itself, to release the plaintiff in error from his obligation to give the supersedeas bond required by law.
Therefore the appeal is dimissed.
Appeal dismissed.