By the Court. Oakley, Ch. J.
Dowdall sued King in the court below by a summons, dated January 12th, and returnable January 17th, 1848. Dowdall was a non-resident, and the 16th day of January was Sunday. The defendant, at the return of the summons, appeared and moved that it be *132 quashed and the suit dismissed, on the ground that it was returnable in five days.
The justice overruled the motion. The parties then joined issue, proceeded to trial, and the plaintiff recovered a judgment. The defendant seeks to reverse the judgment, both on the merits, and on the preliminary objection to the process.
We will first consider this objection. The law on the subject undoubtedly is, that a non-resident plaintiff may take out a short summons, having not less than two nor more than four days to run, or a long summons, having not less than six nor more than twelve days between its date and return. He has the option to take the one or the other, on giving the prescribed security, if he take the former. The difficulty here is, that the summons was neither long nor short. It is a summons of five days, if Sunday is to be counted as one.
The question then is, whether Sunday is to be counted in the computation of time on this process.
We know of no rule or principle by which it is to be excluded from the computation where it is an intermediate day, and we supposed the law on the subject was settled. The defend- . ant in error has brought to our notice the cases in the Massachusetts Reports, cited in Mr. Hill’s note to 2 Hill, 376. It suffices to say, that the rule indicated by those cases, is not the rule in this state, and whether those decisions were well founded or not, we cannot follow them. (Ex parte Dodge, 7 Cowen, 147; Columbia Turnpike Road v. Haywood, 10 Wend. 422 ; Anonymous, 2 Hill, 375, and note b., page 376.)
The law is established here that Sunday must be computed when it is an intermediate day, and the objection to the process is fatal. The court below was wrong in disregarding it, and the proceeding was without legitimate authority.
We have a discretion as. to costs ; and as the error here was purely the act of the magistrate in the issuing of the summons, the judgment will be reversed without costs.
Judgment reversed.