J. M. DANIELS *vs.* MICHAEL MARR, and F. D. MERROW, trustee.

Androscoggin. Opinion September 13, 1883.

*Trustee process. Property exempt from attachment.*

A trustee disclosed that he had in his possession at the time of the service of the writ upon him a mare belonging to the principal defendant, of the value

of forty or fifty dollars, on which he had a claim of about thirty dollars. The disclosure did not state that the mare was exempt from attachment, nor was that fact suggested by the trustee or claimed by the defendant. *Held,* that the trustee was chargeable for twenty dollars.

ON EXCEPTIONS from the ruling of municipal court for the city of Lewiston discharging the trustee.

The opinion states the material facts.

*A. R. Savage,* for the plaintiff.

*J. W. Mitchell,* and *Tascus Atwood,* for the trustee.

The trustee cannot be charged under this statute because the mare which he had in his possession was exempted by law from attachment. R. S., c. 81, § 59.

If the plaintiff would seek to charge the trustee on the ground that the mare was of more than three hundred dollars value and therefore not exempted from attachment the burden is on him to establish that fact. And if he would have him charged ·on the ground that the defendant at the time owned other animals all of which would not be exempted he must also show that fact. The trustee is not required to furnish, in his disclosure, an inventory of the defendant's property which is not in his possession. He does all that is required of him when he discloses such property as he has in his possession at the time the process is served on him.

And even if the plaintiff should show that the defendant, at the time the process was served on the trustee, owned other animals, he cannot charge the trustee for the mare until he shows that the defendant has had an opportunity to elect which animals he will have exempted, and that he has either neglected to make his election or has elected to have others exempted.

VIRGIN, J. We are of the opinion that the exceptions must be sustained.

The disclosure admits the trustee to have had actual possession of the defendant's mare which was worth ten to twenty dollars more than the sum due on the mortgage. It does not state that she was in anywise exempt from attachment; nor has any suggestion of exemption been made by the trustee or claimed by the defendant. Had such a fact existed and been shown the trustee

could not be charged. *Staniels* v. *Raymond*, 4 Cush. 314, 317. The admission makes out a *prima facie* case of chargeability which has not been overcome.

This case is not altogether unlike an attachment by trustee process of money due from a trustee to a principal defendant for personal labor. If the trustee, after disclosing the indebtedness, would discharge himself, he must further disclose that the indebtedness accrued for personal labor performed during the month next preceding the service of the writ. *Lock* v. *Johnson*, 36 Maine, 464; *Haynes* v. *Hussey*, 72 Maine, 448. If the officer had attached the mare, the debtor could not have maintained trespass against the officer by simply proving the attachment, and omitting to show any facts tending to prove she was exempt. *Colson* v. *Wilson*, 58 Maine, 416.

The trustee having disposed of the mare after service of the writ and before the disclosure, no motion for a decree was necessary under the provisions of R. S., c. 86, § 50; *Stedman* v. *Vickery*, 42 Maine, 132, 136. He must therefore be charged for the difference between the value of the mare (which he cannot object to calling $50 since he has prevented the plaintiff from redeeming) and the sum due on the mortgage.

*Exceptions sustained.*

*Trustee charged for $20.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.