ANNIE M. CASEY *vs.* NELSON VIALL.

Under Public Statutes R. I. cap. 270, of March 10, A. D. 1882, the jail board of a debtor, committed by his bail, must be paid in advance by the plaintiff creditor within twenty-four hours after written notice of the commitment has been given by the bail to the creditor, and in computing these twenty-four hours, Sunday is to be included.

A. who was bail for B. committed B. to jail, paid a week's board, and the next day served notice on the plaintiff creditor. As it did not appear that A. made the payment for the creditor, or that the creditor could adopt or that he did adopt this payment before the discharge of B.,

*Held,* that A.'s payment could have no effect in favor of the plaintiff creditor.

EXCEPTIONS to the Court of Common Pleas.    The case is stated in the opinion of the court.

*Charles F. Baldwin & John M. Brennan,* for plaintiff.

The notice in this case was returned to the jail at five o'clock P. M. Saturday, November 10, 1888, and the prisoner was liberated before midnight of Sunday, November 11, 1888.    Under the de-

fendant's construction of the law, the plaintiff was bound to come in and pay the said Beane's board before midnight, November 10, because he could not do it on Sunday without violating the statutes of this State, and thus, instead of having twenty-four hours as provided in the statutes, he would only have had seven hours, and it is by no means difficult to imagine cases where he might have only a minute. When the law provides that an act may be performed in a certain time, and the last day falls on Sunday, the act may be performed on the following day. *Cock* v. *Bunn*, 6 Johns. Rep. 326; *Hammond* v. *American Mutual Life Ins. Co.* 10 Gray, 306; *Salter* v. *Burt*, 20 Wend. 205; *Franklin* v. *Holden & Newhall*, 7 R. I. 215; *Barnes* v. *Eddy*, 12 R. I. 25.

The defendant's construction of the statute is forced and unnecessary. The statute nowhere requires the plaintiff to pay the board at the expiration of the twenty-four hours, but does provide that, unless it is paid, the prisoner shall be discharged. The bail *must* pay it for twenty-four hours after the return of his notice, but the jailer has no right to discharge a prisoner for non-payment of board when he has money in his hands, deposited for that express purpose, as it is admitted he had in this case.

*Ziba O. Slocum*, Attorney General, and *Clarence A. Aldrich*, Assistant Attorney General, for defendant.

*March* 14, 1891. PER CURIAM. This is trespass on the case against the defendant, as keeper of the Providence County jail, for suffering one Eben J. Beane, a prisoner for debt in said jail, to escape therefrom November 11, A. D. 1888. The plaintiff recovered judgment for $1,275 debt and $37.65 costs against said Beane in this court, November 22, A. D. 1887. One James H. Tower was bail for said Beane on the original writ in the suit in which said judgment was recovered, and committed said Beane to jail in said suit in discharge of himself as bail, November 9, A. D. 1888. The next day he caused C. F. Baldwin, Esq., the plaintiff's attorney of record in said suit, to be served with the following notice, to wit: —

PROVIDENCE, R. I., November 10, 1888.
CHARLES F. BALDWIN, ESQ.: —

I hereby notify you as attorney of record of Annie M. Casey, that on November 9, 1888, I have committed Eben J. Beane to

the Providence County Jail in discharge of myself as bail upon a certain writ of arrest in favor of said Annie M. Casey, and against said Eben J. Beane, and have paid the jailor $3 as board of said Beane.

(Signed) JAMES H. TOWER.

Said notice was served, and was returned to the jailer, Saturday, November 10, A. D. 1888, at five o'clock P. M. On Sunday, November 11, A. D. 1888, more than twenty-four hours after the return, the defendant discharged said Beane from the jail for non-payment of board by the plaintiff, the only sum ever paid for board being the $3 paid by Tower.

The question is, was said Beane rightly discharged. The defendant contends that he was, under Pub. Laws R. I. cap. 270, of March 10, 1882, because the plaintiff did not, within twenty-four hours after notice as aforesaid to her attorney of record, pay the board of said Beane in advance. Sections 1 and 2 of said chapter are as follows, to wit: —

" SECT. 1. Whenever any person shall be imprisoned upon original writ, mesne process, execution, or surrender, or commitment by bail in any action whatever, the party at whose suit such person is imprisoned shall pay to the keeper of the jail in which he is imprisoned the sum of three dollars per week, in advance, for the board of such prisoner, reckoning such board from the time of such commitment, which payment in advance shall continue to be made by such creditor during the time such prisoner shall be detained at his suit: *Provided*, however, that in case of commitment by bail, the bail so committing him shall pay such board in advance, until twenty-four hours after notice in writing of such commitment shall have been duly served upon the creditor or his attorney of record by the sheriff, his deputy, or some town sergeant or constable, and lodged with the said jailer.

" SECT. 2. In case of default made in payment of such prisoner's board, as required in the preceding section, the keeper shall discharge such prisoner from jail, stating in his formal discharge on the jail-book the reason therefor."

It was for the plaintiff under said sections, taking them literally, if she wished to have said Beane kept in jail, to pay to the defendant as keeper three dollars a week in advance for his board, within

twenty-four hours after notice to her attorney of record as afore-said, and it was the duty of the defendant, in case of default on her part, to discharge said Beane. She did not pay such sum within twenty-four hours after such notice, and the question is, whether her failure to pay it was a default on her part. She contends that it was not, for two reasons, namely: *first*, because Tower, when as bail he committed said Beane, paid three dollars in advance for his board, said sum being sufficient to pay for a week, and she was entitled to adopt and treat it as payment until the end of the week in her behalf, and, *second*, because Sunday, being *dies non*, is to be excluded in computing the twenty-four hours allowed for the payment of the board.

We do not think the first reason can avail. The statement of the facts admitted does not show that Tower either paid or professed to pay the three dollars for anybody but himself, or that the defendant received them as paid for any other person to any extent. To entitle a person to ratify another's act, or to adopt it as his own, the act must have been performed, professedly at least, by the other as the agent or representative of the person ratifying or adopting it, or in his name. Wharton on Agency, §§ 62, 63. Tower paid more than it was necessary for him to pay on his own account, but he did not pay more than it might have been necessary, if service of the notice had been delayed; and therefore it cannot be assumed that he paid the excess, for the plaintiff. His purpose was probably to protect himself in case of delay, as he could not forecast all contingencies. But suppose the plaintiff could have adopted Tower's payment, to the extent of the excess; did she do it, and if so, when? There is nothing in the admitted facts to show any such adoption, certainly nothing to show it before Beane was discharged, and after his discharge it was too late. The statute is peremptory, and it was the defendant's duty under it to discharge Beane as soon as the plaintiff was in default.

It is argued that the purpose of the statute is to secure the State from loss, and that so long as the board is paid in advance, it does not matter whether it be paid by the creditor or the bail. The argument rests on an imperfect view. The State does not keep a boarding-house; it furnishes a jail in which creditors, under cer-

tain conditions to be performed by them, are allowed to confine their debtors or to keep them confined, but not otherwise, and consequently, if the conditions be not performed, the confinement is or becomes unauthorized, and the debtors are entitled to release. If the jailer, after the creditor's default, detains the debtor, he detains him at his peril.

Nor do we think that Sunday is to be excluded in computing the twenty-four hours allowed for the payment of board. The statute contains no words to that effect, and we are aware of no principle which would authorize us to insert them by construction. If the payment of the board on Sunday had been unlawful, doubtless we might reasonably infer that it was not the intention of the legislature that it should have been paid on that day, and, therefore, that Sunday was not within the twenty-four hours allowed for such payment, for it is not to be presumed that the legislature intended to require the creditor to violate the law in making the payment, or, in the alternative of not doing so, to lose his right to have his debtor detained. The payment of board on Sunday, however, would not have been unlawful, since it is not within the prohibition of Pub. Stat. R. I. cap. 244, § 15, which extends only to the doing or exercising of labor, business, or work of one's ordinary calling. In *Rawlins* v. *The Overseers of West Derby*, 2 C. B. 71, it was held that when the 20th day of July fell on Sunday, service of a notice of claim to have the name of a voter inserted in the register of an overseer of a township, under the statute 6 & 7 Vict. cap. 18, § 4, by leaving it at his place of abode on that day was a good service. The statute authorized the service of the notice on or before the 20th day of July. The defendant contended that when that day happened to be Sunday it was to be excepted; but the court was of the opinion that as the language of the statute was plain and unequivocal, and as the service on a Sunday was violative of no rule of law, it had no power to engraft such an exception under the statute. And see *Rowberry* v. *Morgan*, 9 Exch. Rep. 730; *Peacock* v. *The Queen*, 4 C. B. N. S. 262; *The Queen* v. *The Justices of Middlesex*, 7 Jurist, 396.

The cases in which the time allowed by statute for the doing of acts has been limited by hours, instead of by days or longer periods, so that to do the act within the time allowed would or might

require that it should be done on Sunday, unless that day was to be excluded in the computation of the time allowed, do not appear to be numerous. Though in such of these cases as have come to our notice, Sunday has been excluded from the computation, it has generally been because the act could not be performed on Sunday, without a violation of law. In *The Queen* v. *The Justices of Middlesex*, 17 L. J. N. S. Magistrates' Cases, 111, it was held that Sunday is to be excluded in computing the twenty-four hours within which a putative father must give notice of appeal against an order of affiliation under 7 & 8 Vict. cap. 101, § 4. The court considered the notice to be in the nature of process, and that the service of it was, therefore, within the statute 29 Car. II. cap. 7, § 6, which provided that no person should serve or execute any writ, *process*, warrant, order, judgment, or decree on the Lord's day. In *Ridgley* v. *The State*, 7 Wisc. 661, the plaintiff in error had been convicted of an assault and battery late on Saturday evening. The statute gave the right of appeal, provided the person convicted should within twenty-four hours enter into a recognizance to appear before the circuit court and abide the judgment of the court. The recognizance was taken on Monday morning, within twenty-four hours, excluding Sunday. The Revised Statutes of Wisconsin, cap. 87, § 15, forbade the opening of any court or the transaction of any business on the first day of the week, except certain business specified, in which the taking of a recognizance on appeal was not included; and cap. 139, § 21, prohibited the doing on that day of any manner of labor or business, works of necessity and charity only excepted. The court held that, as the defendant could not perfect his appeal without violating the Sabbath, an act illegal in itself, and must, therefore, either commit an offence, or lose his appeal altogether, unless permitted to perfect it on Monday, Sunday was to be excluded from the twenty-four hours allowed; being of the opinion that the intention of the legislature would be more fully attained by such a construction. The Revised Statutes of Massachusetts, cap. 50, prohibited the doing of all secular labor, business, or work, except works of necessity or charity, on the Lord's day, and cap. 97, § 5, provided that no execution should be issued within twenty-four hours after the entry of a judgment. In *Penniman* v. *Cole*, 8 Metc. 496, the court said that the object of the

latter provision was to give the judgment debtor opportunity to examine into the correctness of the judgment, the accuracy of the calculation where computation was necessary, and to ascertain that the costs were properly taxed; that to perform all or either of these satisfactorily and with the aid of his attorney, a judicial or lay day was necessary, in which the clerk could be resorted to, or an appeal made to the court, if in session, or to a judge in chambers; and held that the statute was to receive such a construction as would make the hours available to the judgment debtor, as lawful business time, in which he could attend at the proper place, and see the proper persons, to enable him to ascertain that the judgment was correct, and, therefore, Sunday being strictly *dies non juridicus*, that the twenty-four hours were hours exclusive of the Lord's day.

The only other instance in our statutes of a notice of twenty-four hours, which we call to mind, is that of the service of a notification on the adverse party of the taking of depositions. Pub. Stat. R. I. cap. 214, § 18. In this section the words " exclusive of Sunday" are inserted. The insertion of these words in that section and the omission of like words in the statute under consideration gives rise to the presumption that such omission was intended, and, therefore, that the legislature did not mean that Sunday should be excluded from the twenty-four hours allowed by the latter statute.

Perhaps it would have been wise if the legislature had provided a longer notice, or that Sunday should be excluded; since in case of the service of the notice late on Saturday, it might be difficult, if not impossible, for a creditor living in a remote part of the State, by reason of the obstruction of travel by storm or otherwise, or his inability to avail himself on Sunday of the ordinary public conveyances, to reach the jail in season to pay the board within the twenty-four hours. It was doubtless the intent of the legislature that in case the creditor should not deem it worth while to pay the board, the debtor should not be unduly detained. But, however this may be, it is the province of the legislature, not ours, to enlarge the notice, if enlargement is desirable.

*Exceptions overruled, and judgment of Court of Common Pleas affirmed, with costs.*