# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BOWLES v. BRAUER ET ALS.

### December 8th, 1892.

1. TIME—*Court practice*—*Statute time.*—In court practice Sunday is not to be reckoned. When a statute prescribes a certain number of days within which an act is to be done, and says nothing about Sunday, it is to be included, unless the last day falls on Sunday, in which case the act may generally be done on the succeeding day. But if the act may be lawfully done on Sunday, and the last day falls on Sunday, then Sunday is not to be excluded. *Dillard* v. *Krise,* 86 Va., p. 410.

2. IDEM—*Trust deed.*—Where the deed provides for a sale to be made after advertisement for "five days" in a newspaper, a Sunday between the first and last insertion is to be reckoned one of the five days prescribed—the first day, but not the last, to be counted.

'3. SALE—*Case at bar.*—The debtor being ill at time of the sale under the trust deed, and soon afterwards dying—

HELD:

Not ground for setting aside the sale.

Appeal from decree of chancery court of city of Richmond, rendered July 9th, 1891, in the cause wherein Laura J. Bowles, in her own right, and as administratrix of W. J. Bowles, deceased, and as next friend to her infant daughter, Myrtle O. Bowles, was complainant, and John C. Brauer, J. B. Elam, and Thomas French were defendants. The decree being adverse to the complainant, she appealed to this court. Opinion states the case.

*J. Samuel Parrish* and *Willis B. Smith,* for appellant.

*M. M. Gilliam* and *J. A. Cabell,* for appellees.

LEWIS, P., delivered the opinion of the court.

This was a suit to set aside a sale, and to cancel a deed made by James B. Elam, trustee in a deed of trust. The deed of trust provides that in the event of a sale, the same shall be made "after first advertising the time, place, and terms thereof, for five days, in some newspaper published in the city of Richmond." The sale of the premises in question was made on Tuesday, the 10th of March, 1891, at half-past four o'clock P. M. Notice of the sale was given by publication in the Richmond *Dispatch* on March 5th, 6th, 7th, 8th, and 10th, there being no issue of the paper on Monday, the 9th.

The principal question is, whether the advertisement was sufficient; and that depends upon whether the Sunday which intervened between the first insertion of the notice and the day on which the sale was made is to be reckoned as one of the five days prescribed by the deed of trust.

The chancery court held that it is; and in this view we concur.

In the computation of time a distinction has been drawn between matters of court practice and questions arising under statutes, or *statute time*, as it is called. Thus, in *Rex* v. *Elkins*, 4 Burr. 2129, it was held that Sunday was not to be reckoned as one of the four days in which the defendant could move in arrest of judgment; and in *Howard* v. *Smith*, 1 B. & Ald. 528, it was determined that an intervening Sunday was not to be counted as one of the four days for a *ca. sa.* to lie in the sheriff's office to charge the bail, because the object of the rule, as Lord Ellenborough said, was to give the bail four days to search the office, and search could not be made on Sunday. See, also, *Michie* v. *Michie*, 17 Gratt. 109; *Read's Case*, 22 Id. 924.

In the construction of statutes, however, the rule founded

in reason, and supported by the weight of authority, independently of any statutory rule on the subject, is that when a statute prescribes a certain number of days within which an act is to be done, and says nothing about Sunday, it is to be included, unless the last day falls on Sunday, in which case the act may generally be done on the succeeding day. *Street* v. *United States*, 133 U. S. 299; *King* v. *Dowdall*, 2 Sandf. 131; *Porter* v. *Pierce*, 120 N. Y. 217.

In the recent and well-considered case of *Cressey* v. *Parks,* 75 Me. 387, (46 Am. Rep. 410,) it was held, in conformity with the rule, under a statute which prescribed that property seized for taxes should be kept four days, and then sold unless the taxes were paid, that the day of seizure was, in the computation of time, to be excluded, but that an intervening Sunday was to be counted, and that the sale must take place on the fourth day, unless that should fall on Sunday, and then on the next day. " The property seized cannot be sold on Sunday," said the court, " not because Sunday is not a day, but because it is a day on which, by statute, the execution of civil process is prohibited."

Hence, if the act to be done may be lawfully performed on Sunday, and the last day for its performance falls on Sunday,. then, in such a case, Sunday is not to be excluded. The case of *Casey* v. *Viall*, 17 R. I., (*s. c.*, 21 Atl. Rep. 911,) is an instance of this sort, in which case a number of analogous cases were cited by the court.

*Dillard* v. *Krise*, 86 Va. 410, is also an authority to show that Sundays are to be counted in computing statute time, although it was decided in that case that the requisite notice had not been given.

A similar principle of computation applies to the present case. This is a case of contract, and the law is that if a contract is to be performed, or some act done, in a certain number of days, and Sunday happens to come between the first.

and last day, it must be counted as one day, unless the contrary be clearly expressed. 2 Pars. Cont. 661 ; 2 Benj. Sales (6th Am. ed.), sec. 1024, *note ;* 5 Am. & Eng. Ency. of Law, title " Day."

The provision, moreover, of the deed of trust is, not that notice of sale shall be published five consecutive days, but that five days' notice shall be published ; and excluding the day the notice first appeared, and counting the intervening Sunday as one day, as also the day on which the sale was made, which was the fifth day, the notice was sufficient. *Johnson* v. *Dorsey,* 7 Gill. 269 ; *German Bank* v. *Stumpf,* 73 Mo. 311.

We say the first day is to be excluded and the last counted, because the case is not within the provision of our Code, that " where a statute requires a notice to be given, or any other act to be done, a certain time before any *motion or proceeding*, there must be that time exclusive of the day for such motion or proceeding, but the day on which such notice is given, or such act is done, may be counted as part of the time." Code, sec. 5, sub-d. 8th.

The remaining grounds upon which the prayer of the bill is based are equally untenable. The vague allegation of the bill, that the trustee made such statements at the sale concerning the title to the property as to deter bidders from bidding its value, is denied in the answers, and is not proven. Nor does the evidence support the allegation that the property was sold for an inadequate price. On the contrary, it shows the price was a fair one, and certainly more than the debtor offered to take for the property a short while before the sale.

The bill also states that Bowles, the debtor, was ill at the time of the sale, and soon afterwards died. But that circumstance constitutes no ground for setting aside the sale, any more than his death before the sale, or before default was made, would have been a ground for avoiding it. It appears

that the trustee, after he had been directed by the secured creditor to enforce the deed of trust, and before taking any steps to do so, made repeated efforts to see the debtor, but was each time told he was not in a condition to attend to business, owing to a too free indulgence in stimulants. He also wrote him that he had been directed to sell the property, but received no reply. The sale was then advertised, and in making it there was nothing in the conduct either of the trustee or the purchaser, for aught the record shows, to warrant a court of equity in setting it aside.

The decree must be affirmed.

DECREE AFFIRMED.