## CIRCUIT COURT OF ARLINGTON COUNTY

Clarendon Bank & Trust

v.

Monroe-Fairfax Corp. and
House Realty & Development Co.

July 30, 1973

Case No. (Chancery) 23055

By JUDGE CHARLES H. DUFF

All parties are in agreement that the ultimate issue embraces the question of whether Monroe-Fairfax Corporation had the right to accept the option on Monday, October 30, 1972, when the 30th day for acceptance fell on Sunday, October 29, 1972. Phrased differently, when the last day for the acceptance of an offer between private parties falls on a Sunday, does that fact extend the time for acceptance until the following day, or Monday?

It is important to note the distinction between this issue and that presented in a number of the cases cited where a statute prescribes a certain number of days within which an act has to be done. Neither party contends that the case at bar is directly controlled by a statutory provision. It involves a private contract between private individuals (corporations).

Monroe-Fairfax relies primarily on the reasoning exemplified by the decision of *Armstrong v. McGough*, 247 S.W. 790 (Ark.). The Court refers to the "general rule" being that when the last day to perform an act falls on a Sunday the time is automatically extended through Monday. An examination of the cases cited therein reveals that most, if not all of them, involved an act done pursuant to a Statute or Act of Congress rather than a definitive holding that at Common Law the time was automatically extended.

The answer to the present issue seems to me to lie in an understanding of the position occupied by Sunday at Common Law, and whether it or a subsequent statute prohibited a valid acceptance on a Sunday. If so, then Monroe-Fairfax, not being able legally to accept on Sunday, had Monday to perform the act. If not, then House's position must prevail.

It has long been recognized that at Common Law Sunday was a *dies non juridicus*, that is, a day upon which judicial proceedings could not be validly held. As to all acts not of a judicial nature, however, the common law made no distinction between Sunday and any other day. With respect thereto, the language of 18 M.J., *Sundays and Holidays*, 52, is apropos:

> Thus the legal right existed to enter into contracts on Sunday. This right has not been modified by statute; in fact it is specifically provided in West Virginia that no contract shall be deemed void because made on the Sabbath day. In Virginia the courts have reached the same conclusion by stating that a contract made on Sunday is excepted from the provision of the statute prohibiting the prosecution of any regular occupation or business on that day. It therefore follows that an option is not invalid because executed on Sunday, nor is a deed made on Sunday for that reason invalid.

The Court in *Shubert Theatrical Co. v. Rath*, 271 F. 827, quoted 27 Am. & Eng. Encyc. of Law 389, to the effect:

> At common law judicial proceedings only were prohibited on Sunday. A person was not prohibited from doing his ordinary labor on Sunday, and the making of contracts was lawful.

In 86 C.J.S. 880 (Time), it is stated that as a result of statutes in many states when the last day of a period of time within which an act is to be done falls on Sunday that day is excluded from the computation and the act might rightfully be done on the following business day. As is pointed out, however, on page 882:

The rule of excluding Sunday and extending the period of time for performance of the act does not apply if the act in question may be done lawfully on Sunday.

In *Bowles v. Brauer*, 89 Va. 466 (1892), the Court of Appeals pointed out that when a statute prescribes a certain number of days within which an act has to be done, and says nothing about Sunday, that day has to be included unless the last day falls on Sunday, in which case the act may generally be done on the succeeding day. The Court cited the early Maine decision of *Cressey v. Parks*, 75 Me. 397, which extended the four days by which property seized for taxes could be held when the fourth day fell on a Sunday, because Sunday was a day on which, by statute, the execution of civil process was prohibited.

In *Lakeside Inn v. Commonwealth*, 134 Va. 696 (1922), the Court of Appeals held, *inter alia*:

> But if the act to be done is authorized to be done on Sunday, then Sunday is to be counted although the last day be Sunday. *Casey v. Viall*, 17 R.I. 348, 21 A. 911, and cases cited.

It is my opinion that the option could have been validly accepted on the 30th day, that is, Sunday. The act of acceptance was not a judicial act; nor was it an act controlled by any statute. In short, it was an act that, between two private individuals, could have lawfully been performed on Sunday. It was, in law, the final act which ripened the offer into a binding contract. Clearly there would have been nothing illegal in mailing the acceptance on Sunday and once properly posted on that date, a binding contract would have resulted. It would seem incongruous to sanction such a contract but prohibit acceptance in some other manner as being illegal.

For the reasons above stated, it is my judgment that the defendant Monroe-Fairfax Corporation did not exercise its option to purchase the property within the time limitation contained therein.