## CIRCUIT COURT OF ALBEMARLE COUNTY

Fulton L. Taylor
and Nancy S. Taylor

v.

C. Norman Boehm, Jr.,
Aleksandra Z. Boehm,
and Avalon Realty, Inc.

February 21, 2002

Case No. CL01-8822

BY JUDGE PAUL M. PEATROSS

Fulton L. and Nancy S. Taylor, who contracted to sell certain real property they owned at Lake Monticello in Fluvanna County, have sued Defendants C. Norman Boehm, Jr., and Aleksandra Z. Boehm, who agreed to purchase the property, and their realtor, Avalon Realty, Inc. ("Avalon"), for breach of contract. Defendants, the Boehms, and Avalon Realty, filed a Motion for Summary Judgment in which they argue they should prevail because the Boehms gave the Taylors adequate notice of cancellation of the contract. The Court heard arguments from all parties on February 1, 2002, regarding Defendants' Motion for Summary Judgment. The parties entered into a stipulation of fact in order to rule on the motions. After taking the matter under advisement, the Court now rules that adequate notice of cancellation was not given; consequently, Defendants' Motion for Summary Judgment is denied.

The pertinent facts in this case are not disputed. On or about August 12, 1999, Plaintiffs and Defendants Boehm entered into a real estate contract for the purchase of certain real property owned by the Taylors at Lake Monticello.

Lots located in Lake Monticello are subject to the Virginia Property Owner's Association Act, Title 55, Chapter 26, § 55-511 of the Code of Virginia Annotated (the "Act"), which requires the sellers to provide the purchasers with an association disclosure packet along with the contract for purchase. Under the Act, the purchaser may cancel the contract within three days after receiving the disclosure packet. *Id.*

On Friday, September 3, 1999, at approximately 10:30 a.m., the Taylors provided the disclosure packet to the Boehms at the Taylor's Fluvanna County residence. The Boehms reside in Wilmington, Delaware, and returned to Wilmington the following day. On September 6, 1999, Labor Day, the Boehms contacted their realtor, George Durham of Defendant Avalon Realty, Inc., and indicated that they wanted to cancel the contract with the Plaintiffs pursuant to paragraph 10 of the contract governing cancellation. Paragraph 10 states that the contract is governed by the Virginia Property Owner's Association Act and that, under the Act, the purchaser may cancel the contract within three days after receiving the association disclosure packet.

Later that day on September 6, 1999, Mr. Durham contacted the realtor for the Plaintiffs by telephone and verbally notified him that the Boehms were canceling the contract. That same evening shortly after 9:00 p.m., the Plaintiffs received notice from their realtor that the Boehms wanted to cancel the contract. On September 7, 1999, at 1:44 p.m., the Boehms sent written notification of their cancellation to the Taylors by overnight mail. On September 9, 1999, at 10:53 a.m., the Taylors received the written notice from the Boehms through the U.S. Postal Service. The issue now before the Court is whether Defendants' notice of cancellation was timely and adequate under the Virginia Property Owner's Association Act.

As noted above, Virginia Code Annotated § 55-511(C), a part of the Act, provides that the purchaser may cancel the contract "within three days after the date of the contract, if, on or before the date that the purchaser signs the contract, the purchaser receives the association disclosure packet." The Act further states that "notice of cancellation shall be hand delivered or sent by United States mail, return receipt requested, to the owner." *Id.* Defendants argue that actual notice of cancellation is all that is required by the Act and Plaintiffs received actual notice within three days through their agent on September 6, 1999. In the alternative, Defendants argue that the three day period to cancel should be extended by a day in this particular case because the third day fell on Labor Day, a federal holiday, and the U.S. Mail Service was not operating. Because the Boehms placed the notice of cancellation in the mail on the following day, notice of cancellation was adequate.

To begin with, the Court rejects any argument based on "actual" verbal notice to the Taylors. The language of the statute is plain and clear: "notice of cancellation shall be hand delivered or sent by United States mail, return receipt requested, to the owner." *Id.* Therefore, notice of cancellation by telephone to the Taylors or to their agent is inadequate under the Act.

Defendants next argue that the three day period to cancel the contract should be extended an extra day because the last day for compliance fell on Labor Day. Section 1-13.3:1 of the Code of Virginia Annotated, governing computation of time, states:

> when the last day fixed by statute, or by rule of the Supreme Court of Virginia for the commencement of any proceeding, for any paper to be served, delivered, or filed, or for any other act to be done in the course of judicial proceedings falls on a Saturday, Sunday, legal holiday, or any day on which the clerk's office is closed as authorized by statute, the proceeding may be commenced, the paper served, delivered, or filed and the act may be done on the next day that is not a Saturday, Sunday, or legal holiday, or day on which the clerk's office is closed as authorized by statute.

Va. Code Ann. § 1-13.3:1.

Defendants urge the Court to apply this statute to the present matter; however, Defendants have failed to produce any case law in which Virginia courts have applied this statutory extension of time to contract cases dealing with notice of cancellation. This statute appears to have been drafted primarily to grant parties an extra day within which to file or initiate judicial proceedings *with the court*, when the due date for such proceedings happens to fall on a day when the clerk's office is closed. This Court does not think the statute should be applied to extend a contractual period of cancellation between two private parties. Cf. *Bowles v. Brauer*, 89 Va. 466, 16 S.E. 356, 357 (1892) (holding that, in Virginia, if a contract is to be performed, or some act done, in a certain number of days, and Sunday happens to come between the first and last day, it must be counted as one day, unless the contrary be clearly expressed). Section 55-511(C) only grants the purchaser three "days" to notify the owner of cancellation. The statute does not distinguish between "calendar" days and "business" days, and this Court will not strain to interpret the language as three "business" days when the state legislature could have included such language had it intended the statute to be interpreted so. However, even if the Court were to agree with the Defendants and allow an additional day for providing the Taylors with notice of cancellation, such

notice would still be inadequate in this particular case because Plaintiffs did not receive notice of cancellation until September 9, six days after the disclosure packet had been delivered to the Defendants.

As previously noted, the Act allows purchasers to cancel the contract within three days and states that notice shall be hand delivered or sent by U.S. mail. § 55-511(C). Defendants argue that notice is adequate *if placed in the mail* within this three day period, regardless of when the mailed notice is *actually received* by the owner. The Court disagrees and holds that proper notice of cancellation under the Act must be hand delivered to the owner or actually received by the owner through the mail within the three day period set forth in § 55-511. Although the statute is silent on this point and the Court did not discover any Virginia case law to guide it on this issue, it appears that the majority of jurisdictions follow the general rule that where notice of cancellation of a contract is to be given by mail, the notice is not valid until actually received. See generally Arthur Linton Corbin, *Corbin on Contracts*, § 78 at 339-340 (1963) (holding that where an already completed contract contained a provision creating an option to be exercised by the giving of notice within a stated time, it has been generally held that it is not enough that the notice was mailed within that time); Samuel Williston and Walter H. E. Jaeger, *Treatise on the Law of Contracts*, § 887B, at 506-07 (3d ed. 1962) (stating where a statute requires notice to be given, it is generally held that actual notice is required and that notice must be personally served on the person to be notified); 66 C.J.S., *Notice*, § 18e(1) (1950) (stating that the general rule is that when notice affecting a right is served by mail, the service is not effected until the notice comes into the hands of the one to be served and he acquires knowledge of its contents, unless the receiver intentionally avoids receipt of notice). The Act allows a purchaser to cancel the contract by hand delivery or by mail. Va. Code Ann. § 55-511(C). Notice of cancellation when hand delivered within the three days is immediate because the owner will clearly know the purchaser's intent when said notice is "in his hands." It does not follow that the legislature, in drafting the statute, intended for notice to be likewise effective upon merely being placed in the mail by the purchaser, for such notice may not reach the owner for days. Clearly, the legislature intended for the owner to actually receive the written notice of cancellation within the three day period, whether it be by mail or by hand delivery.

Based on the above reasoning, the Court concludes that the Boehms did not give proper notice of cancellation as required by the terms of the contract and the Code of Virginia Annotated, § 55-511. Defendants' Motion for Summary Judgment is denied.