IN THE

# SUPREME COURT OF APPEALS

OF

# VIRGINIA.

---

## Wytheville.

BULL v. EVANS AND OTHERS.

JUNE 9, 1898.

Absent, Cardwell, J.

1. APPEAL AND ERROR—*Statute of Limitations—Receipt of Petition and Record by Clerk.*—The statute of limitations prescribing the time within which a writ of error or appeal may be awarded or allowed ceases to run when the petition for the writ of error or appeal is presented, and does not begin again to run until the petition and record are delivered to the clerk. But this delivery to the clerk is the actual receipt of the petition and record by him. The omission of the clerk to examine a box containing the papers, or, if he examined it, his mistake as to its contents, or failure to discover the papers, cannot change the law. Whatever may be the remedy of the party injured against the clerk, the statute of limitations begins to run from the actual receipt of the petition and record by the clerk.

Error to a judgment of the Circuit Court of the city of Richmond, rendered June 10, 1896, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

*Writ of error dismissed.*

The opinion states the case.

*Edmund Waddill, Jr.*, and *J. S. Parrish*, for the plaintiff in error.

*B. B. Munford* and *Charles S. Stringfellow*, for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

Upon the calling of this cause a motion was made to dismiss it upon the ground that the bond required had not been executed within the time prescribed by law. Sec. 3474 of the Code provides:

"No process shall issue upon an appeal, writ of error, or *supersedeas* allowed to or from a final judgment, decree, or order, if when the record with the petition required by section thirty-four hundred and fifty-seven is delivered to the clerk of the appellate court, there shall have elapsed one year since the date of such final judgment, decree, or order, or six months, if the decree appealed from was a decree refusing a bill of review to a final decree rendered more than six months prior thereto; but the appeal, writ of error, or *supersedeas* shall be dismissed whenever it appears that one year (or six months in the case of an appeal from a decree refusing a bill of review as before provided) has elapsed since said date, before the record, with said petition, is delivered to such clerk, or before such bond is given as is required to be given before the appeal, writ of error, or *supersedeas* takes effect : *Provided*, that the time which shall elapse from the presenting the petition for an appeal, writ of error, or *supersedeas*, and the delivery of the record with the petition required by law to the clerk of the appellate court as aforesaid, shall be excluded from the computation of the said period of one year, or of six months, as the case may be."

The judgment was rendered on the 10th day of June, 1896. The petition for the writ of error and *supersedeas* was presented to one of the judges of this court on the 10th day of June, 1897, the last day upon which it could be presented, and the writ awarded on that day. On the 17th day of the same

month the record and petition were received by the clerk of this court, as is shown by his endorsement thereon in these words: "Received by me, June 17th, 1897, in box with case of *Hafner* v. *C. & O. Railway Co.*, but I did not know the petition and record in this case were in the box until the 18th of June, 1897." On the last-named day the bond required was executed. It is clear that the execution of the bond was too late if the record and petition be considered as delivered to the clerk on the 17th day of June, the time when he actually received them; but it is contended that there was no delivery in contemplation of law until the next day, when the clerk ascertained for the first time that they were in the box of papers received by him the day before. Whether the clerk knew that the box received by him contained the petition and record in this case as well as the petition and record in the case of *Hafner* v. *C. & O. Railway Co.* cannot, we apprehend, affect the question. The delivery contemplated by the statute was actual delivery—the placing of the papers in the actual possession of the clerk. His omission to examine, or his mistake, if he did examine the contents of the box to see what records were in it, could not alter the fact that the papers had been actually placed in his hands—had been actually delivered to him. He was bound to receive them, and when delivered to him the statute again commenced to run. The mistakes or omissions of the clerk could not change the law. If the plaintiff had enquired of the clerk on the 17th day of June, after the petition and record had been delivered to him, and the clerk had informed him that they had not been received, and by reason thereof he had been prevented from executing the bond and lost his right of appeal, he might have had a cause of action against the clerk, but it would not have prevented the statute from running.

The statute of limitations in such cases is imperative. The appellant or plaintiff in error must execute the bond within the time fixed by law. If he does not, the appellate court,

however much it might desire to do so, cannot relieve him from the effect of misfortune, accident, or mistake. As was said by Judge Staples in delivering the opinion of the court in the case of *Page* v. *Ficklin*, 76 Va. 292, 297–8 : " The limitation to appeals and writs of error is subject to but few exceptions, for reasons, no doubt, founded upon a sound public policy. No suggestion of hardship, surprise, or accident can avail in the least in defeating or suspending this limitation. If the party does not give the bond within the two years, whether he be in default two months or two days, the result must be the same. There is no hardship in this, for the appellant has two whole years in which to make his application. After delaying it one year and eleven months, he has no just cause to complain of want of time, or to attribute to surprise or accident that which is due to his own negligence." *Otterback* v. *Alex. & Fred. R. Co.*, 26 Gratt. 940; *Yarbrough* v. *Deshazo*, 7 Gratt. 374.

Since the bond required was not executed within the time prescribed by the statute, it follows as a necessary consequence that the motion to dismiss must be sustained, and the writ be dismissed.

*Dismissed.*