# Richmond.

## SWIFT & CO. v. WOOD AND OTHERS.

### January 26, 1905.

1. MOTION FOR JUDGMENT—*Return of Notice—Computation of Time—Code, Sec. 3211—Mandatory Provision.*—Notice of a motion for a judgment under section 3211 of the Code must be returned to the clerk's office within five days after the service. In computing the time the day of service is to be counted, as prescribed by Code, sec. 8, but not the date on which the notice is returned, hence a notice served February 21st and returned February 26th is not within the time prescribed, and a judgment by default rendered thereon is invalid. The provision of the statute is mandatory.

2. COMPUTATION OF TIME—*Sundays.*—When a statute prescribes a certain number of days within which an act is to be done, and says nothing about Sunday, it is to be included, unless the last day falls on Sunday, in which case the act may generally be done on the succeeding day; but if the act may be lawfully done on Sunday, and the last day falls on Sunday, then Sunday is not to be excluded.

3. STATUTES—*Construction—Re-Enactment.*—Where a statute has been construed by the courts and then re-enacted, the construction given to it is presumed to be sanctioned by the Legislature, and thenceforth becomes obligatory upon the courts.

Error to a judgment of the Corporation Court of the city of Newport News, on a motion to vacate a judgment, in which motion the defendants in error were the plaintiffs, and the plaintiffs in error were the defendants.

*Affirmed.*

The opinion states the case.

*William C. Stuart,* for the plaintiffs in error.

*R. M. Hudson,* for the defendants in error.

HARRISON, J., delivered the opinion of the court.

On the 16th day of December, 1903, notice was served upon the plaintiffs in error that the defendants in error would, on the 21st day of December, 1903, move the Corporation Court of the city of Newport News to set aside and declare null and void a pretended or alleged judgment obtained by the plaintiffs in error on March 11, 1901, for $263.64 and interest.

The judgment sought to be set aside under this notice had been obtained against the defendants in error, on motion, under the proceeding provided for by section 3211 of the Code; and, among other grounds assigned for setting it aside, they asserted that the notice upon which the judgment was obtained had not been returned to the clerk's office, as provided by the statute, within five days after its alleged service. The notice was served February 21, 1901, and returned to the clerk's office on the 26th of that month. The plaintiffs in error insist that this return of the notice was within five days as contemplated by the statute.

This question has been settled in this State for many years by the decision of this court in the case of *Turnbull* v. *Thompson,* 27 Gratt. 306. In that case the objection was made that the original process commencing the suit was served on the defendant February 3, 1862, and that the judgment became final on the 3d of March, 1862, in violation of the statute which declares that no judgment by default on *scire facias* or summons shall be valid if it becomes final within one month after the service of such process. Judge Staples, delivering the opinion of the court, says: "The month indicated by the statute is of

course a calendar month, and if the 3d day of February, the day of the service of the process, is to be included in computing the time, then the judgment did not become final within a month after the service of process." The learned judge then proceeds as follows: "Without undertaking now to discuss the doctrines of the common law in respect to the days to be included or excluded in the computation of time under statutes, it is sufficient to say that every difficulty in regard to that question has been removed by the provisions of the eighth clause of section 16, chapter 16, p. 115, Code of 1860. That section declares that where a statute requires a notice to be given, or any other act to be done a certain time before any motion or proceeding, there must be that time, exclusive of the day for such motion or proceeding; but the day on which such notice is given, or such act is done, may be counted as part of the time." By virtue of this statute the judgment was held not to have become final within one month, and was sustained as valid.

The construction put upon this statute has received legislative approval and sanction; the same section, unchanged, having been re-enacted as sec. 8 in the Code of 1887, and is now found without amendment in the Virginia Code (1904), sec. 8. When a statute has been construed by the courts, and is then re-enacted by the Legislature, the construction given to it is presumed to be sanctioned by the Legislature, and thenceforth becomes obligatory upon the courts. *Mangus* v. *McClelland,* 93 Va. 786, 22 S. E. 364.

Under the decision in *Turnbull* v. *Thompson, supra,* and the construction there put upon the statute, a notice served on the 21st day of February, 1901, and returned to the clerk's office on the 26th day of that month, is not a compliance with the statute which requires such notice to be returned to the clerk's office within five days after service of the same.

Plaintiffs in error further contend that the 24th day of Feb-

ruary, 1901, was Sunday, which was not a juridical day, and, therefore, cannot be counted in computing the time. This position is not tenable.

Judge Lewis, speaking for this court, in the case of *Bowles v. Brauer, et als.,* 89 Va. 466, 16 S. E. 356, holds that when a statute prescribes a certain number of days within which an act is to be done, and says nothing about Sunday, it is to be included, unless the last day falls on Sunday, in which case the act may generally be done on the succeeding day; but if the act may be lawfully done on Sunday, and the last day falls on Sunday, then Sunday is not to be excluded.

The provision of section 3211 of the Code, with respect to returning the notice to the clerk's office within five days after its service, is not, as contended, merely directory. This statute furnishes a summary remedy for obtaining a judgment for money, and where the judgment is by default, as in the case at bar, its terms must be strictly complied with, otherwise the judgment will not be valid.

For these reasons the judgment complained of must be affirmed.

*Affirmed.*