## Richmond

JENNINGS, BY, &C., V. POCAHONTAS CONSOLIDATED COL-

LIERIES CO., INC.

November 21, 1912.

1. PLEADING—*Failure to File Declaration—Dismissal—One Month— Computation of Time.*—In computing the one month within which a declaration must be filed *"after* the process is returned executed," under section 3241 of the Code, the day on which the process is returned must be counted, and if one calendar month, including that day, elapses, without the declaration being filed, it is the mandatory duty of the clerk to dismiss the action. The day on which the process is returned executed is included, and the day on which the declaration is filed is excluded from the computation of the one month. Hence, if the process is returned executed March 6th, the declaration cannot be filed April 6th, nor thereafter.

2. PLEADING—*Failure to File Declaration—Dismissal—Reinstatement.*— A case dismissed by the clerk for failure to file the declaration within the time prescribed by the statute cannot be reinstated in the absence of sufficient legal reasons therefor. Reasons which flow from causes that could have been readily foreseen and guarded against are not sufficient to warrant the court in reinstating the case upon its docket, especially where to do so would dperive the defendant of a defense that he could otherwise make, for example, the statute of limitations.

Error to a judgment of the Circuit Court of Tazewell county on a motion by the plaintiff to reinstate a case dismissed at rules for failure to file the declaration within the time prescribed by the statute. Special appearance for the defendant. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Sexton & Roberts* and *H. C. Alderson,* for the plaintiff in error.

*Henry & Graham & Hawthorne,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

On the 23rd day of February, 1911, summons was issued from the clerk's office of the Circuit Court of Tazewell county to the Pocahontas Collieries Company, Inc., to appear at said office at the rules to be held for said court at the courthouse thereof on the first Monday in March, 1911, to answer in an action to recover of the defendant company damages for a personal injury, instituted by George Jennings, an infant, suing *"in forma pauperis"* by Robert Jennings, his next friend. Said summons was duly executed on the 28th day of February, 1911, and return thereof made to the clerk's office at the first March rules, held on Monday, March 6, 1911. On the last-named date the cause was continued for the declaration to be filed, and for like purpose the cause was continued at the second March rules, 1911, and again at the first April rules, 1911. At the second April rules, held April 15, 1911, the cause was dismissed by the clerk "for failure to file the declaration within the time prescribed by law."

A declaration was filed April 6, 1911, as appears by the clerk's endorsement thereon, and there is no controversy between the parties as to the correctness of this date, or of any other of the dates above mentioned. At the May term, 1911, the plaintiff moved the court to correct the rules taken by the clerk in the cause, especially that taken at the second April rules, 1911, wherein the case was dis-

missed by the clerk pursuant to the statute, and further moved the court to enter the case on the court's docket, whereupon the defendant appeared, by its counsel, for the purpose only of resisting said motions, upon the grounds that the case had been properly dismissed by the clerk at the second April rules, and that the statute of limitations had barred the plaintiff's action at the time the case was dismissed, and the same was then barred. By leave of court, a statement in writing was filed, setting forth the defense to and resistance of plaintiff's said motions. Thereupon, the court, by its order entered June 7, 1911, overruled plaintiff's motion to correct the rules, to which ruling the plaintiff excepted.

At a later day, pursuant to leave granted by the court, the plaintiff filed his petition to reinstate the case on the docket of the court, accompanied by certain affidavits, to which petition the defendant filed its demurrer, objections and answer; and the cause coming on to be heard on the 7th day of March, 1912, upon said petition and affidavits, and the demurrer, objections and answer of the defendant thereto, the court, by its order then entered, denied the prayer of the petition and dismissed the same, to which judgment the plaintiff also excepted and applied for and obtained this writ of error.

The errors assigned are to the rulings of the trial court in refusing to correct the rules taken in its clerk's office and refusing to reinstate the case upon the docket.

The motions of plaintiff in error to correct the rules taken in the clerk's office and to reinstate the case on the court's docket were made under section 3293 of the Code of 1904, which is as follows: "The court shall have control over all proceedings in the office during the preceding vacation. It may reinstate any cause discontinued during such vacation, set aside any of the proceedings, or correct any mistake therein, and make such order concerning the same as may be just."

The action of the clerk dismissing the case at the second April rules, 1911, was taken pursuant to section 3241 of the Code, which is as follows: "If one month elapse after the process is returned executed as to any one or more of the defendants, without the declaration or bill being filed, the clerk shall enter the suit dismissed, although none of the defendants have appeared."

It is conceded that a calendar month is meant in the statute, and it is also admitted by counsel for plaintiff in error that if in the computation of the time, as set forth in section 3241 of the Code, the 6th day of March, 1911, on which the process in the case was returned, is to be included, then the 6th day of April, 1911, on which the declaration was filed, has to be excluded; and, therefore, the declaration was not filed within the one month.

The contention of defendant in error is that the 6th day of March, 1911, should be included as the first day on which the month began, and that the month ended with the ending of the 5th day of April, 1911. On the other hand, the plaintiff in error relies upon clause 8 of section 5 of the Code as sustaining his contention that the statute means within one month *after* the return of the process executed, and within one month *after* the 6th day of March, 1911, so that the month in this instance began on the morning of the 7th day of March, 1911, and ended on the morning of the 7th day of April, 1911, and, therefore, the declaration having been filed on the 6th day of April, 1911, was filed within the time prescribed by the statute.

The statute, as it now appears, in clause 8, section 5, of the Code of 1904, is the same appearing as the eighth clause of section 16, chapter 16, of the Code of 1860, which was construed in *Turnbull* v. *Thompson,* 27 Gratt. (68 Va.) 306. It is as follows: "Where a statute requires a notice to be given, or any other act to be done, a certain time before any motion or proceeding, there must be that time,

exclusive of the day for such motion or proceeding, but the day on which such notice is given or such act is done may be counted as a part of the time."

In *Turnbull* v. *Thompson, supra,* the opinion by Staples, J., says: "The first objection is that the original process commencing the suit was served on the defendant the 3rd day of February, 1862, and the judgment became final on the 3rd of March, 1862, in violation of the statute, which declares that no judgment by default on *seire facias* or summons shall be valid if it becomes final within one month after the service of such process. The month indicated by the statute is, of course, a calendar month, and if the 3rd day of February, the day of the service of process is to be included in computing the time, then the judgment did not become final within a month after the service of process.

"Without undertaking now to discuss the doctrines of the common law with respect to the days to be included or excluded in the computation of time under statutes, it is sufficient to say that every difficulty in regard to that question has been removed by the provisions of the eighth clause of section 16, chapter 16, p. 115, Code of 1860."

The question for determination in that case was whether the judgment by default, which was the subject of litigation, was valid, the defendant contending that the 3rd day of February, on which the process was served, was to be excluded in the computation of the time (one month) required by the statute before the judgment could become final, and, therefore, the judgment was void; but this court held that the 3rd day of February, 1862, on which the process was served, was to be counted, and the calendar month having expired on the day before the 3rd day of March, 1862, and the judgment made final the 3rd day of March, 1862, a month had elapsed before that date and, therefore, the judgment was valid.

Clause 8 of section 5 of the Code of 1904, *supra,* was

passed upon by this court in the case of *Swift & Co.* v. *Wood,* 103 Va. 494, 49 S. E. 643, which case involved a motion to set aside a judgment rendered on a notice permitted under section 3211 of the Code, because the notice upon which the judgment was obtained had not been returned to the clerk's office within five days, as provided by the statute, after its service, the notice having been served February 21, 1901, and returned to the clerk's office on the 26th day of that month. *Held,* that the computation of time required by the statute began on the 21st day of February, 1901, and ended the 25th day of that month, and, therefore, the judgment was invalid. The opinion in that case re-affirms the decision in *Turnbull* v. *Thompson, supra,* and holds that the provisions of the statute are mandatory.

The foregoing authorities are conclusive as to the motion to correct the rules taken in this case, and, therefore, the circuit court did not err in its order of June 7, 1911, refusing to hold that there was misprision and irregularity on the part of the clerk in taking and recording the rules and in dismissing the case because the declaration was not filed within the time required by the statute. Nor did the court err in refusing to reinstate the case for the reasons set forth in plaintiff in error's petition as the grounds for that motion.

Promptness in pleading requires a declaration in an action at law to be filed when the suit is instituted, or within the time thereafter prescribed by statute and, therefore, a case dismissed by the clerk for failure to file the declaration within the specified time cannot be reinstated in the absence of sufficient legal reasons therefor. Reasons which flow, as in this case, from causes that could have been readily foreseen or contemplated, and guarded against, will not suffice to warrant the court in reinstating the case upon its docket, especially where to do so would

deprive the defendant of a defense that he would otherwise have.

The declaration in this case, lodged in the clerk's office on April 6, 1911, contains five counts, in all of which the date on which the injury to the plaintiff complained of was sustained is left blank, but in defending the motion to reinstate the case, the defendant, by leave of court, filed a statement in writing wherein it appears, and is nowhere denied by the plaintiff, that the injury complained of occurred on the 10th day of March, 1910, and the suit was instituted just fifteen days before the right of action was barred by limitation, the summons being issued on February 23, 1911; and the same fact was again expressly set up in the answer and objections to petition and motion to reinstate the cause, and still not denied or gainsaid, so that when the cause was dismissed by the clerk the right of action by the plaintiff was barred, and had the court reinstated the case the defendant would have been deprived of that defense.

It is true, says the court in *Wickham & Northrop, Receivers,* v. *Green,* 111 Va. 199, 68 S. E. 259, that the reinstatement, at the following term, of a case which has been dismissed at rules for want of a declaration may be regarded as a matter of course, provided the effect of such reinstatement is to place the case in the position it would have occupied but for the irregularity of the clerk's conduct, or for good cause shown where there has been no misprision of the clerk. In that case the summons was issued May 1, 1908 (only seventeen days before the right of action would have been barred by the statute of limitations), and was returnable to second May rules, at which rules the process was returned executed, and the case was continued at that and the succeeding June rules for declaration. When more than one month had elapsed after process was returned executed without the declaration having been

filed, the clerk called the attention of counsel for the plaintiff to that fact, and notified him that he would be compelled to dismiss the suit. Thereupon, counsel requested that the order of dismissal be not entered, as they wished to obtain consent of opposing counsel to file the declaration. Having failed to get such consent, the court, at the next term, on motion of the plaintiff, granted leave to file the declaration. The defendants, at a later day of the term, submitted a motion to set aside the former order and direct the clerk to enter the suit dismissed, on the ground that by allowing the declaration to be filed then, and refusing to dismiss the suit, the defendants would be denied the right to plead the statute of limitations; but the court adhered to its former ruling, to which ruling the defendant excepted and applied for and obtained a writ of error from this court. The precise question passed upon by this court was whether or not the trial court could, at its next term, under section 3293, relieve the plaintiff from the consequences of his neglect, without excuse, to file his declaration within the time prescribed by section 3241, by granting leave to file the declaration at that time, when the effect of such ruling was to deprive the defendants of an accrued right to plead the statute of limitations; and the opinion of the court reversing the judgment of the trial court and dismissing the suit says: "It is to be regretted when a case has to be disposed of on other grounds than those that go to the very merits of the cause. Courts cannot, however, permit considerations of hardship in particular cases to cause them to disregard and set at naught the plain provisions of a positive statute. To do so would be to usurp legislative functions, and would operate a judicial repeal of the statute."

The statute of limitations in that case attached to the right of action in seventeen days after the suit was brought and the action was barred when the declaration ought to

have been filed and when the clerk should have, by manda-tory requirement of the statute, dismissed the suit; while in this case the clerk, upon practically a similar state of the record, performed his duty under the statute and dis-missed the suit, which action was approved and confirmed by the circuit court.

For the foregoing reasons the judgment of the circuit court is affirmed.

*Affirmed.*