# CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

## Richmond

ANDERSON V. UNION BANK OF RICHMOND AND OTHERS.

January 12, 1915.

Absent, Keith, P.

1. JUDGMENTS—*Fifteen Days' Notice—How Time Computed—Code, Section 3211.*—In a proceeding by motion under section 3211 of the Code, allowing a judgment to be taken "after fifteen days' notice," the day of service of the notice is to be counted in computing the fifteen days. Hence a judgment is valid, where the notice was executed June 9 and judgment taken June 24.

2. PLEDGES—*Notes As Collateral—Attempt to Sell—Right of Holder to Sue.*—In this jurisdiction, an attempt to sell notes pledged as collateral for a loan, is not a prerequisite to the holder's right to sue on them.

3. BILL OF DISCOVERY—*Responsive Answer—Effect.*—An answer responsive to a bill of discovery must be taken as true, unless overcome by other evidence.

4. BILLS AND NOTES—*Pledge as Collateral—Holder is Owner—Equities.*—The holder of negotiable paper as collateral is its owner. One taking negotiable paper before maturity as a collateral security is, for all practical purposes, the owner of it and a *bona fide* holder for value, may collect it, at least to the extent of the debt for which it was pledged, without regard to the equities between the original parties, whether arising out of the original transaction or from subsequent dealings.

5. BILLS AND NOTES—*Pledged as Collateral—Payments to Payee.*

A pledgee of negotiable paper before maturity is not affected by a payment made by the maker to the payee, though made in good faith, without knowledge of the assignment by the payee as collateral security, unless the maker can prove that such payment was made with the knowledge and consent of the pledgee, or was subsequently ratified by him.

Appeal from a decree of the Law and Equity Court of the city of Richmond. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*O'Flaherty, Fulton & Byrd,* for the appellant.

*Willoughby Newton, Jr.,* and *Thomas W. Gardner,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The following are the pleadings and evidence in this case; so far as necessary to be stated:

On June 14, 1898, the defendant in error (designated the plaintiff) recovered a judgment by default against the plaintiff in error (called the defendant) on forty-four negotiable notes aggregating $660.00. These notes were made by the defendant and two other persons to James H. Barton for land, and contained the recital that they constituted a lien thereon, and were made payable at the First National Bank of Richmond, Virginia, and were indorsed by the payee and delivered to the plaintiff as collateral security for his individual note for borrowed money. Barton's note was in excess of the collateral, and he died insolvent, leaving it unpaid.

To a bill in equity by the plaintiff to subject the defendant's land to the payment of its judgment, the latter filed an

answer in the nature of a cross-bill resisting the enforcement of the judgment on the following grounds: (1) that the judgment, which was obtained on motion under section 3211 of the Code, was void for insufficient notice.

The section provides that such judgment may be obtained "after fifteen days' notice, which notice shall be returned to the clerk's office . . . within five days after the service of the same . . ." Notice was executed June 9, 1898, and judgment rendered June 24, following. Counting the day of service the judgment was not entered until after fifteen days' notice.

In *Swift & Co.* v. *Wood,* 103 Va. 494, 49 S. E. 643, it was held, that "Notice of a motion for a judgment under section 3211 of the Code, must be returned to the clerk's office within five days after the service. In computing the time the day of service is to be computed, as prescribed by Code, section 8, but not the date on which the notice is returned, hence a notice served February 21, and returned February 26, is not within the time prescribed, and a judgment by default thereon is invalid. The provision of the statute is mandatory."

This decision shows that the day of service is to be counted in computing the fifteen days' notice. Therefore, the terms of section 3211 were complied with in the instant case.

(2) The second ground of objection is that the plaintiff ought to have sold the collateral notes, and had no right to bring suit upon them.

It appears that the plaintiff, in good faith, tried to dispose of the notes but could not find a purchaser. But in this jurisdiction an attempt to sell the notes is not a prerequisite to the plaintiff's right to sue. *Payne* v. *Zell,* 98 Va. 294, 36 S. E. 379; *Selden* v. *Williams,* 108 Va. 542, 62 S. E. 380.

(3) The third and last ground of contention that demands our notice is that, in the year 1890, the defendant

bought certain lots from Barton for the deferred install-
ments of the purchase price, of which he gave eighty-six
negotiable notes, each for fifteen dollars, and payable re-
spectively at intervals of one month after date. Forty-two
of these notes were paid to Barton, and the remainder of
them were indorsed by him and delivered to the plaintiff as
collateral; that after the contract of sale, the *bona fides* of
which is not drawn in question on this record, the parties
entered into a second agreement cancelling the previous
sale upon the terms that the lots were to be surrendered
to Barton and the unpaid notes delivered by him to the de-
fendant; that the defendant in good faith complied with
the agreement on his part, and Barton conveyed the lots to
purchasers for value and without notice, but fraudulently
failed to deliver the notes and hypothecated them to the
plaintiff. In these circumstances, the defendant seeks re-
lief against the judgment under sections 3299 and 3300 of
the Code, and in his cross-bill alleges that the plaintiff was
not a holder for value and without notice of the notes in
question, but took them with notice of the defendant's
equities against Barton; and he prays for a discovery from
the plaintiff concerning the circumstances under which it
acquired the notes, and whether before or after maturity.

The plaintiff made full answer, denying all the material
allegations of the cross-bill, and declaring that the notes
were negotiable paper and received by it from the payee in
due course of business for value and before maturity and
without notice of any equities existing between the defend-
ant and Barton.

In such case it is the settled rule that the answer must be
taken as true, unless overcome by other evidence; and there
is no such evidence in this record. *Ward* v. *Cornett*, 91
Va. 676, 22 S. E. 494, 49 L. R. A. 550, and authorities
cited.

As remarked, the original contract of sale of lots, for the purchase price of which the notes were given, was untainted with fraud, and therefore, the right of the defendant to equitable relief against the judgment for the alleged breach of a subsequent collateral agreement for cancellation of the sale raises a question which it is not necessary for us to consider. The plaintiff was the holder of the notes in due course, as defined by the negotiable instruments law, section 2841-a, Art iv., cl. 52, of the Code, and held the notes "free from any defect of title of prior parties and free from defences available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon." *Idem*, cl. 57.

The controlling principles of law in relation to the rights of a holder of negotiable paper as collateral are clearly stated in Jones on Pledges and Collateral Securities, section 89: "The holder of negotiable paper as collateral is its owner. One taking negotiable paper before maturity as collateral security is, for all practical purposes, the owner of it, and a *bona fide* holder for value, may collect it, at least to the extent of the debt for which it was pledged, without regard to the equities between the original parties, whether arising out of the original transaction or from subsequent dealings. Thus, it is no defense for the maker of a collateral note taken before maturity in good faith, and without notice of any infirmity in it, that it was made for accommodation or was misapplied by an agent, broker or other person having it for a special purpose; or was pledged by a holder fraudulently or in violation of a statute making his assignment of it a criminal offense; or that the maker had paid the note to the payee. . . .

"A pledgee of negotiable paper before maturity is not affected by a payment made by the maker to the payee, though made in good faith, without knowledge of the assignment of it by the payee as collateral security, unless the maker

can prove that such payment was made with the knowledge and consent of the pledgee, or was subsequently ratified by him."

Our conclusion is, that the decree of the Law and Equity Court of the city of Richmond, granting the plaintiff relief under the original bill and denying the prayer of the cross-bill, is plainly right and must be affirmed.

*Affirmed.*