# Wytheville.

## KELLY V. TREHY.

### June 15, 1922.

1. EXCEPTIONS, BILL OF—*Time of Filing—Adjournment of Term.*—
Section 6252 of the Code of 1919 provides that bills of exceptions
may be filed "at any time before final judgment is entered, or within
sixty days from the time at which such judgment is entered." The
date of the adjournment of the term at which the judgment is
rendered is immaterial, as the sixty days is computed not from the
adjournment of the term at which the judgment, by operation of law,
becomes final, but from the date of the judgment which becomes
final by such adjournment.

2. EXCEPTIONS, BILL OF—*Time of Filing—Computation of Time.*—In
computing the sixty days from the time at which the judgment is
entered within which a bill of exceptions may be filed, the day on
which the judgment was rendered is to be computed as one of the
sixty days.

3. TIME—*Computation of Time—Section 5 of the Code of 1919.*—Section
5, Code of 1919, on the Rules of Construction applies only "in the
construction of this Code and of all statutes." It says nothing
about deeds, contracts, wills, or other documents, but is restricted
to statutes, and in reference to the latter, it applies to all statutes.

4. TIME—*Computation of Time—Section 5, Clause 8 of the Code of 1919.*—
Section 5, clause 8 of the Code of 1919, provides that: "Where a
statute requires a notice to be given, or any other act to be done,
a certain time before any motion or proceeding, there must be that
time exclusive of the day for such motion or proceeding, but the day
on which such notice is given or such act is done may be counted as
part of the time." This rule of construction has been on the statute
books of the state, with a brief exception, for over three-fourths of
a century. Acts 1916, ch. 290, p. 508, made radical changes in the
language of this provision, and extended the rule of construction to
contracts, but the language of the old section was restored by the
Code of 1919, which went into effect January 8, 1920.

5. TIME—*Computation of Time—Section 5, Clause 8 of the Code of 1919—
Time of Filing Bills of Exceptions.*—In the instant case it was argued
that because clause 8 of section 5, Code of 1919, uses the word
"before" and not "after" it has no application to the statute (section

6252 of the Code of 1919) which requires bills of exceptions to be filed within sixty days *after* final judgment. This argument, however, is unsound, as the meaning of the language as to the time of the filing of bills of exceptions is the same as if it had declared that the final judgment, which must necessarily have preceded the filing of the bill of exception, must not have been rendered more than sixty days "before" the bill is filed.

6. STATUTES—*Construction—Re-enactment—Prior Construction by Courts.*—When a statute has been construed by the courts and is then re-enacted by the legislature, the construction given to it is presumed to be sanctioned by the legislature and therefore becomes obligatory upon the courts.

7. STARE DECISIS—*Where Court of Last Resort Has Persistently Declared Approval of a Rule of Law.*—Even though the conclusiveness of its utterances may perhaps be open to debate, yet when a court of last resort has persistently declared approval of a rule of law, it should not lightly be ignored, especially when in the presence of conflicting decisions in other jurisdictions, such declarations amount to an adoption of the views of these courts approving the rule.

8. STARE DECISIS—*Reason for the Rule.*—It is to the interest of the public that there should be stability in the laws by which they regulate their conduct, and the construction of statutes ought not to vary with every change in the personnel of the appellate court.

9. EXCEPTIONS, BILL OF—*Time of Filing—Necessity of Compliance with Statute.*—The statute fixing the time within which bills of exception must be filed is a limitation on the right to file them at all, and a restriction upon the powers of the trial court. The right to file them is given by statute and the failure to file them within the time prescribed by law is not a mere form, but a part of the essence of the right conferred.

10. EXCEPTIONS, BILL OF—*Time of Filing—Case at Bar.*—Section 6252 of the Code provides that bills of exception may be filed "at any time before final judgment is entered, or within sixty days from the time at which such judgment is entered." In the instant case the judgment was entered March 29, 1920, and the bill of exception was tendered to the judge on May 28th, and signed by him on May 29th. Counting the day of the judgment as one of the sixty, we have three days in March, thirty days in April and twenty-eight in May, making sixty-one days, so that the sixty days had already expired when the bill was tendered to the judge for his signature. The bill, therefore, was not filed within sixty days from the time at which judgment was entered.

Error to a judgment of the Corporation Court of the city of Norfolk in a proceeding by motion to recover specific personal property. Judgment for defendant. Plaintiff assigns error.

*Dismissed.*

The opinion states the case.

*Jas. S. Barron* and *Jas. G. Martin*, for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This case was heard by the court without the intervention of a jury, and the only error assigned is that the judgment is contrary to the law and the evidence.

There was only one bill of exception in the case, and it is conceded by counsel for the plaintiff in error that the error assigned is dependent upon the validity of this bill of exception.

[1, 2] The judgment complained of was entered on March 29, 1920. The bill of exception was presented to the trial judge for his signature "in the afternoon of May 28, 1920, when court had adjourned, and the judge was about to leave his office," with the request from the plaintiff's counsel that the bill of exception be dated not later than May 29, 1920. The bill was so dated. It does not otherwise appear when it was actually signed, nor does it appear when the court adjourned for the term, except that the trial judge certifies that the bill was presented within sixty days after the adjournment of the term. The date of such adjournment is immaterial, as "the sixty days is computed not from the adjournment of the term at which the judgment, by operation of law, becomes final, but from *the date of the judgment* which becomes final by such adjournment." *Bragg* v. *Justis*, 129 Va. 354,

106 S. E. 335. It is material, therefore, to inquire when the sixty days expired. The facts of this case make it necessary to decide whether the day on which the judgment was rendered is to be counted as one of the sixty days.

[3, 4] Section 5 of the Code is on the subject of the construction of statutes, and after the opening paragraph is composed of twenty clauses. The opening paragraph and clause 8 are as follows:

"Section 5. Rules of Construction.—In the construction of this Code and of all statutes the following rules shall be observed unless such construction would be inconsistent with the manifest intention of the legislature."

"*Eighth. Computation of Time.*—Where a statute requires a notice to be given, or any other act to be done, a certain time before any motion or proceeding, there must be that time exclusive of the day for such motion or proceeding, but the day on which such notice is given or such act is done may be counted as part of the time."

The language of clause 8 is identical with the language of clause 8, section 17, chapter 16 of the Code of 1849, and the opening paragraph is substantially the same in both Codes. It will be observed that section 5, Code 1919, applies only "in the construction of this Code and of all statutes." It says nothing about deeds, contracts, wills, or other documents, but is restricted to statutes, and in reference to the latter, it applies to *all statutes.* This rule of construction has been on the statute books of this State, with the brief exception hereinafter noticed, for over three-fourths of a century, and has been repeatedly applied by this court. The legislature of 1916, by an act which went into effect June 16, 1916 (Acts 1916, Ch. 290, p. 508),

made radical changes in the language of clause 8 of section 5, and extended the rule of construction to contracts, and also made express reference to the time before or after a given date. It also clearly appears that the legislature had in mind two days, an earlier and a later day, between which the computation of time was to be made. The section as changed is as follows:

"8. *Computation of Time.*—Unless otherwise provided by the statute or contract under consideration, the time from or after which or within which an act may be done, or the time before or after a given day, shall be computed by excluding the first day and including the last day of the period." The life of this statute, however, was of short duration as the language of the old section was restored by the Code of 1919, which was enacted in 1918 and went into effect in January, 1920, so that we are remitted to the construction of the old statute.

[5] It is said in the brief for the plaintiff in error that "this subsection does not attempt to treat of acts or notice to be done or given *after* a court proceeding but only before; and no statute requires a bill of exception to be filed a certain time before any proceeding." It was argued that because clause 8 of section 5 uses the word "before" and not the word "after" it has no application to the statute which requires bills of exceptions to be filed within sixty days *after* final judgment, but the argument is not sound. The meaning of the language is the same as if it had declared that the final judgment, which must necessarily have preceded the filing of the bill of exception, must not have been rendered more than sixty days "before" the bill is filed, and such has been the uniform holding of this court.

In *Turnbull* v. *Thompson*, 27 Gratt. (68 Va.) 306, the court had under consideration a statute declaring that no judgment by default on *scire facias* or summons shall be valid if it becomes final within one month after the service of such process. The process was served February 3, 1862, and the judgment assailed became final on March 3, 1862, and it was necessary to determine whether or not February 3 was to be counted as one of the days of the month. If it was so counted then the month elapsed before March 3. The court said: "Without undertaking now to discuss the doctrine of the common law in respect to the days to be included or excluded in the computation of time under statutes, it is sufficient to say that every difficulty in regard to that question has been removed by the provision of the eighth clause of section 16, chapter 16, page 115, Code of 1860." The section quoted is in the same language of clause 8 of section 5 of the present Code. The court, applying that section to the statute under consideration, held that February 3rd, the day of service of the process, must be counted, and that hence more than one month had elapsed, and that the judgment was valid.

In *Swift* v. *Wood*, 103 Va. 494, 49 S. E. 643, the court had under consideration a statute declaring that notice of the motion for judgment for money under section 3211, Code 1904, must be returned within five days after service. The service was made February 21st, and the return on February 26th. The court again applied the section on the construction of statutes and held that the date of the service should be counted as one of the five days, and that, therefore, the return was not within the time prescribed by the statute.

In *Jennings* v. *Pocahontas Collieries Co.*, 114 Va. 213,

76 S. E. 298, the court was construing the statute which required the declaration in an action at law to be filed within one month after the process is returned executed. The process was returned executed March 6, 1911, and the declaration was filed April 6, 1911. The contention of the parties is set forth in the opinion of the court in the following language: "The contention of the defendant in error is that the 6th day of March, 1911, should be included as the first day on which the month began, and that the month ended with the ending of the 5th of April, 1911. On the other hand the plaintiff in error relies upon clause 8 of section 5 of the Code as sustaining his contention that the statute means within one month *after* the return of the process executed, and within one month *after* the 6th of March, 1911, so that the month in this instance began on the morning of the 7th of March, 1911, and ended on the morning of the 7th of April, 1911, and, therefore, the declaration having been filed on the 6th day of April, 1911, was filed within the time prescribed by the statute." The court considered the question at length and the previous cases on the subject, and applying the section on the construction of statutes, held that March 6th, the day on which the process was returned executed, was to be counted as one of the days of the month, and that consequently the declaration was not filed within one month after the process was returned executed.

In *Anderson* v. *Union Bank*, 117 Va. 1, 83 S. E. 1080, the court was construing the statute which allowed judgment to be taken "after fifteen days' notice." The notice was executed June 9th, and judgment taken June 24th. The court again applied the section on the construction of statutes and held that the day upon which the notice was served was

to be counted in computing the fifteen days, and, hence, that the judgment was valid. Counsel for the plaintiff in error relies upon *Homestead Insurance Co. v. Ison,* 110 Va. 18, 65 S. E. 463, as sustaining the view that the day on which the final judgment is entered is not to be counted as one of the days in computing the time in which bills of exception may be filed. We deem it unnecessary to consider this case as it involved the· construction of a contract and not of a statute, and section 5 of the Code is not applicable thereto.

In *Bull* v. *Evans,* 96 Va. 1, 30 S. E. 468, there is a dictum to the effect that in counting the year within which an appeal must be taken to this court, the date of the judgment appealed from is not to be counted. The statute there under consideration forbade an appeal if one year had elapsed "since the date of the judgment" appealed from, but the appeal in that case was held too late on other grounds and there is no discussion of the question, whereas · the same court in three out of the four cases above cited discussed the very question now under consideration and carefully considered it and unanimously decided that the first day should be counted. Moreover, not only was the question directly involved and decided after the benefit of all the aid counsel could give them in the other case, but all three of these cases were decided after the decision in *Bull* v. *Evans, supra.* The language of the statute is the same now as it was when these cases were decided.

[6] *Anderson* v. *Union Bank, supra,* was decided in January, 1915, and at the next succeeding legislature in 1916 the legislature changed the language of section 5, clause 8, so as to exclude the first date or the day on which the process was served or the act done, but the revisors in their report to the legislature in 1918

restored the old law to the language in force at the time those decisions were rendered and thereby adopted them, and this action of the revisors was approved and adopted by the legislature. Under well settled rules of construction, "when a statute has been construed by the courts and is then re-enacted by the legislature, the construction given to it is presumed to be sanctioned by the legislature and therefore becomes obligatory upon the courts." *Mangus* v. *McClellan*, 93 Va. 786, 2 S. E. 364; *Draper* v. *Com.*, 132 Va. 648, 111 S. E. 471.

It was under the influence of this doctrine that the statement was made by this court in *School Board* v. *Alexander*, 126 Va. 407, 410-11, 101 S. E. 349. There the final judgment had been entered on the 14th day of February, 1918, and the petition for writ of error was presented on the 14th of February, 1919, but at that time the act of 1916, hereinbefore referred to, was in effect. It is there said "under section 5 of the Code (1904) as it stood until the amendment of 1916, February 14, 1918, would have been counted and the motion (to dismiss) would have been sustained. But under the act of 1916, excluding the date of the judgment, February 14, 1918, was not counted and hence the appeal was within time. The court, however, took precaution to call attention to the change made by the revisors of 1919 in the following language: "Attention, however, is called to the fact that at the late revision of the Code the amendment of 1916 was disapproved and the statute restored to its former reading." It will thus be observed that three entirely separate sets of judges have construed the applicability of section 5 in the same manner.

[7] In 7 R. C. L. 1003, it is said: "Even though the conclusiveness of its utterances may perhaps be

open to debate, yet when a court of last resort has persistently declared approval of a rule of law, it should not lightly be ignored, especially when in the presence of conflicting decisions in other jurisdictions, such declarations amount to an adoption of the views of these courts approving the rule," citing *Will of Hawkinson*, 143 Wis. 136, 126 N. W. 683, 139 Am. St. Rep. 1091, which sustains the statement of the text.

[8] It is to the interest of the public that there should be stability in the laws by which they regulate their conduct. It may be that this court, as at present constituted, would not, as an original proposition, have construed section 5, clause 8 of the Code as it was construed in the cases cited, but the construction of statutes ought not to vary with every change in the personnel of the appellate court. The construction was a fair and reasonable one, made after full deliberation by courts of very able judges, for whose opinion and judgment we entertain the highest respect. Not only so, this construction repeated three times by a unanimous court, in each instance, has been approved by the legislature of the State on the recommendation of the revisors who were familiar with it, and cannot now be repudiated by this court.

[9] The statute fixing the time within which bills of exception must be filed is a limitation on the right to file them at all, and a restriction upon the powers of the trial court. The right to file them is given by statute and the failure to file them within the time prescribed by law is not a mere form, but a part of the essence of the right conferred. *Exporters of Manufacturers' Products* v. *Butterworth*, 257 U. S.——, 42 Sup. Ct. 331, 66 L. Ed. ——. The failure to file them in time is simply a failure to take advantage of a right conferred, and like other such rights is visited with

like penalties. It is always a source of regret that one should lose his rights by a failure to assert them in the time and manner prescribed by law which confers them, but in such matters courts have no discretion.

The remarks of Judge Keith in *Thornton's Case*, 113 Va. 736, 739-40, 73 S. E. 481, 482, on the present subject, are pertinent here in view of the number of cases that have recently come before us on defective bills of exception. He said: "We regret that this difficulty is one of such frequent occurrence, and we shall not attempt to fix the responsibility for the omission or further animadvert upon the fact than to say that, while it is a matter of profound regret that such should be the case, we have no choice but to enforce the law as we find it. Those who are not responsible for the administration of justice in accordance with established modes of procedure, easily dispose of such objections by denouncing them as technical, but, while technical, nothing can be of higher importance in the administration of justice than that the record upon which the courts are required to act should be ascertained with certainty and so attested as to leave no doubt of its authenticity, in order that the law pertaining to it may be safely and intelligently declared, and the rights of individuals and of society duly protected."

A number of cases from other jurisdictions on the subject of the method of computing time have been cited by counsel for the plaintiff in error. It is unnecessary to consider them as we regard the subject as regulated by our own statutes.

[10] Section 6252 of the Code provides that bills of exception may be filed "at any time before final judgment is entered, or within sixty days from the time at which such judgment is entered." In the instant case the judgment was entered March 29, 1920, and the

bill of exception was tendered to the judge on May 28th, and signed by him on May 29th. Counting the day of the judgment as one of the sixty, we have three days in March, thirty days in April and twenty-eight in May, making sixty-one days, so that the sixty days had already expired when the bill was tendered to the judge for his signature.

We have been asked to reconsider our holding in *Bragg* v. *Justice, supra,* especially in view of the fact that the point involved was not argued in that case. It is true that the point was not argued when the case was submitted, but attention of counsel was called to it before the opinion was rendered, and after it was rendered an elaborate petition for rehearing was filed and the rehearing was refused. In the instant case, it is insisted that the sixty days shall be counted from the date of the adjournment of the term at which the judgment was rendered, and the only additional authorities cited are *Winston* v. *Giles,* 27 Gratt. (68 Va.) 537, and *Hudgins* v. *Simon,* 94 Va. 659, 27 S. E. 606, but these cases arose when bills of exception could be filed at any time before the adjournment of the term at which final judgment was entered, and are not helpful in construing the language of the present statute. We see no reason to change the holding in *Bragg* v. *Justis, supra.*

The writ of error in this case will be dismissed as improvidently awarded.

*Dismissed.*

Prentis, J., dissenting:

I respectfully dissent from the conclusions of the majority, not because I wish to discredit any of the previous decisions of this court construing other

statutes, which are cited in the opinion, but because I think that clause 8 of section 5 of the Code of 1919 does not apply to the statute here involved. That clause, as I read it, refers only to statutes which require a party to give a notice or do some other act a certain time before any motion or proceeding, while section 6252, in express language, allows sixty days from the time at which the judgment is entered within which a bill of exceptions may be signed, and its meaning I think is to allow that period after that day, whereas, under the construction here made, only fifty-nine days thereafter are allowed. I am confirmed in this view because I believe that heretofore this is the construction which has been placed upon the section by the bar, the trial courts and until recently by this court. *Bull* v. *Evans*, 96 Va. 1, 30 S. E. 468, so construes the statute limiting the time within which appeals to this court may be taken.