## Staunton.

## S. R. BRAME v. CLEOPHUS NOLEN.

### September 18, 1924.

1. SERVICE OF PROCESS—*Service on Resident Defendant—Service on Other Defendant before or after Service on Resident.*—Code of 1919, section 6049, provides that any action at law or suit in equity, except where otherwise specially provided, may be brought in any county or corporation wherein any of the defendants may reside. In the instant case, a proceeding by motion for judgment, the action was brought in the city of Roanoke where one of the defendants resided. It was clear that the residence of one of the defendants in Roanoke gave the court of law and chancery of that city jurisdiction and that process could be executed upon the other defendants in any county or city in the State, either before or after the process was served upon the resident defendant. Therefore, in the instant case, it was not necessary to serve the notice on the resident defendant before service could be legally obtained in Richmond upon another defendant. It was sufficient if process had been properly executed on the resident defendant at the time of the trial.

2. DEFAULTS—*What Constitutes a Default Judgment.*—All judgments where there has been no appearance by the defendant are judgments by default.

3. DEFAULTS—*Irregularities—Correction by Trial Court.*—A judgment by default against a defendant obtained on substituted service may, under section 6333 of the Code of 1919, be reversed by the trial court for any error for which an appellate court might reverse it. Such a judgment does not import a verity which cannot be attacked.

4. JUDGMENTS AND DECREES—*Setting Aside Judgments—Evidence.*—On the hearing of motions to set aside judgments for irregularities, and motions of similar nature, the court can hear any competent evidence which is calculated to aid it in reaching a conclusion.

5. MOTION FOR JUDGMENT—*Return—Record of Date of Return and Filing—Certificate of Clerk Imports Verity.*—Under section 6243 of the Code of 1919 it is necessary for the clerk to keep a record of the date each notice of motion for judgment is returned and filed in his office. The act of 1922, chapter 439, amending section 6046 of the Code of 1919, so as to provide in terms that the clerk shall note the date of the filing of the notice thereon is only declaratory of the duty which was

already imposed upon him by section 6243, and the certificate of the clerk endorsed on the notice is an official record which imports a verity.

6. MOTION FOR JUDGMENT—*Time of Return of Notice—Statute Mandatory.*— The provisions of section 6046, Code 1919 (formerly section 3211 of Code 1887), with respect to returning the notice of motion for judgment to the clerk's office within five days after service, are mandatory and must, where the judgment is by default, be strictly complied with, or the judgment will be void.

7. MOTION FOR JUDGMENT—*Return of Notice—Computation of Time.*—In computing the time in which notice of motion for judgment must be returned to the clerk's office, the day of service is to be counted, but not the date on which the notice is returned.

8. MOTION FOR JUDGMENT—*Time of Execution and Filing the Notice in the Clerks Office—Case at Bar.*—In the instant case a judgment upon notice of motion for judgment against defendant stated that the notice was executed and filed in the clerk's office in the time required by law, notwithstanding that the certificate of the clerk showed that it was returned and filed more than five days after service on the defendant.

*Held:* That upon the face of the record, it was apparent that the court never acquired jurisdiction over the person of the defendant and that the judgment against him was void.

Error to a judgment of Law and Chancery Court of the city of Roanoke, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Chas. D. Fox, Jr.,* for the plaintiff in error.

*J. Randolph Henry,* for the defendant in error.

WEST, J., delivered the opinion of the court.

S. R. Brame complains of a judgment rendered against him in favor of Cleophus Nolen for $525.00.

The proceeding was by notice of motion for judgment against S. R. Brame, of Richmond, Virginia; H. G. Stultz, of Roanoke, Virginia; A. L. Edmondson, of Rocky Mount, Virginia; Luther A. Smith, of Ferrum, Virginia; and Gale Sims, of Ferrum, Virginia, for the conversion of a Ford automobile of the value of $525.00.

Substituted service was sought to be obtained on S. R. Brame in the city of Richmond, and on H. G. Stultz in the city of Roanoke. On October 6, 1922, judgment was given by default against Brame and Stultz, as follows:

"This day again came the plaintiff, by his attorney, and the defendants, S. R. Brame and H. G. Stultz, having on the first day of this term been solemnly called in open court and not appearing and the court having heard part of the evidence and this case having been continued to this day for further evidence as to the plaintiff's claim, thereupon the court having fully heard the evidence and the said defendants still not appearing, and it appearing to the court that said defendants have had due notice of this motion as required by law, that the same was filed in the clerk's office of this court within the time required by law, it is therefore considered by the court that the plaintiff, Cleophus Nolen, do have and recover of the defendants, S. R. Brame and H. G. Stultz, the sum of $525.00, with interest thereon from the 15th day of June, 1920, until paid, and all of his costs in this behalf expended."

On March 23, 1923, S. R. Brame filed notice under sections 6333 and 6499 of the Code of Virginia to reverse the judgment and quash the execution issued thereon, on a number of grounds, only three of which need be mentioned, as follows:

(a) The notice was not returned to the clerk's office within five days after service, as required by section

6046 of the Code, it appearing from the sergeant's return that it was executed on S. R. Brame on June 10, 1922, and from the endorsement of the clerk of the court that it was "received June 15, 1922, and filed as to S. R. Brame."

(b) The return of the sergeant of the city of Richmond endorsed on the notice of motion for judgment shows that substituted process was sought to be obtained on the defendant, S. R. Brame, under section 6041 of the Code of 1919, but the service failed to comply with the statute, as appears from the following return:

"Executed in the city of Richmond, Virginia, 6-10-22, by delivering a copy of the within named to Mrs. S. R. Brame, his wife, and explaining the purport of the within named to her.    John G. Saunders, sergeant of city of Richmond, Va., by P. H. Bowis, deputy sergeant."

(c)  In order to obtain venue under section 6049 of the Code of 1919, the motion must be brought where one of the defendants resides.    The return on the notice shows that substituted process was sought to be executed on the defendant, S. R. Brame, in Richmond, on June 10, 1922, and the defendant, H. G. Stultz, in Roanoke, on June 17, 1922, thereby failing to show that any defendant lived in the city of Roanoke, Virginia, at the time process was sought to be executed on the defendant, S. R. Brame.

In disposing of this motion the court refused to consider oral evidence introduced to show that the notice of motion for judgment was not returned to the clerk's office within five days as required by section 6046 of the Code, and held that the order entered giving the judgment, *supra*, was a verity and could not be attacked. The court allowed the deputy sergeant of the city of Richmond to amend his return according to the facts

and to conform to the provisions of the statute, and further held that in order to obtain venue the notice did not have to be served on a resident defendant before service could be obtained on S. R. Brame.

The six assignments of error raise only two questions which we need to decide:

[1] 1. In order to obtain venue in Roanoke, was it necessary to serve the notice on the resident defendant before service could be legally obtained on S. R. Brame in Richmond? This question must be answered in the negative.

This action was brought in the city of Roanoke, where one of the defendants resided, under the first paragraph of section 6049 of the Code of 1919, which provides that any action at law or suit in equity, except where it is otherwise specially provided, may be brought in any county or corporation wherein any of the defendants may reside. It is clear that the residence of one of the defendants in Roanoke gave the court jurisdiction and that process could be executed upon the other defendants in any county or city in the State, either before or after the process was served upon the resident defendant.

Section 6046 provides that any person entitled to maintain an action at law may, in lieu of such action at law, proceed *by motion* before any court which would have jurisdiction of such action; with the proviso that notice shall not be sent out of the county or city in which the judgment is to be asked, except in those cases in which process can be sent out under the provisions of sections 6055 and 6056.

. Section 6055 authorizes process to be directed to the sheriff or sergeant of any county or city, and section 6056 provides that process against the defendant to answer in any action, suit or motion brought under sec-

tion 6050, where the cause of action arose, shall not be executed in any other county or city than that wherein the action, suit or motion is brought, unless it be: * * *

"An action against two or more defendants, on one of whom such process has been executed in the county or city in which the action is brought."

If the process has been properly executed on the resident defendant at the time of the trial, the statute has been substantially complied with, and it is immaterial whether it was actually served upon him before or after the service upon the defendant who resided outside of the county or city in which the action is pending.

The case in judgment was not brought, under section 6050, where the cause of action arose, but in the city of Roanoke, where one of the defendants resides.

It follows that there is no merit in the contention that service could not be had on S. R. Brame in Richmond until after service had been obtained on the defendant resident in Roanoke.

[2, 3] 2. Did the court err in holding that the judgment of October 6, 1922, was a verity, and could not be attacked, and in refusing to reverse the same and quash the execution issued thereon?

This question must be answered in the affirmative.

Section 6333, Code of 1919, provides that "the court in which there is a judgment by default * * * may, on motion, reverse such judgment or decree for any error for which the appellate court might reverse it if the following section was not enacted, and give such judgment or decree as ought to be given    *    *."

The judgment in question is a judgment by default, since all judgments where there has been no appearance by the defendant are judgments by default. *Davis* v. *Commonwealth*, 16 Gratt. (57 Va.) 134.

In 1 Black on Judgments, the author, discussing the

opening and vacating of judgments by default, at section 94, says: "A judgment taken against a defendant by default will be opened or set aside on his motion, in the court wherein it was entered, for a failure of jurisdiction, or for certain classes of errors and irregularities."

Discussing the evidence the defendant may introduce to sustain his motion, the same author, at section 351, volume 1, says: "When the proceeding is statutory it is considered that the record may be attacked and the facts alleged as a reason for vacating the judgment may be established by any competent evidence."

[4] On the hearing of motions to set aside judgments for irregularities, and motions of similar nature, the court can hear any competent evidence which is calculated to aid it in reaching a conclusion. *Gay* v. *Grant,* 101 N. C. 206, 8 S. E. 99, 106; *Stancill* v. *Gay,* 92 N. C. 455.

The oral testimony, if any, taken as to the date of the return of the notice to the clerk's office by the sergeant of the city of Richmond forms no part of the record. The case is before us on the clerk's certificate and court order. The certificate of the clerk on the back of the process returned by the Richmond sergeant was as follows:

"Received June 15, 1922, and filed as to S. R. Brame. R. J. Watson, Clerk, by W. H. Carr, D. C."

Section 6243, Code 1919, requires the clerk of the court to make out a docket of the following cases at law pending, to-wit:    *    *    *

"3. Other motions and actions in the order in which the notices of the motions were filed, or in which the proceedings at rules in the actions were terminated," etc.

[5] This section makes it necessary for the clerk to

keep a record of the date each notice of motion is returned and filed in his office.   The act of 1922 (Acts 1922, chapter 439), amending the Code, section 6046, so as to provide in terms that the clerk shall note the date of the filing of the notice thereon is only declaratory of the duty which was already imposed upon him by section 6243, *supra.*

It is contended that the judgment of the court is erroneous in that it states that the notice was executed and filed in the clerk's office in the time required by law, notwithstanding the certificate of the clerk shows it was returned and filed on June 15, 1922, more than five days after the service on S. R. Brame.

The certificate of the clerk endorsed on the notice is an official record which imports a verity.

In *Harkins* v. *Forsyth*, 11 Leigh (38 Va.) 307, Judge Tucker, speaking for the court, says: ·"Nor is it a new principle in the law to deem the certificates or returns of a public officer, in the execution of his duty, conclusive of the facts which they contain   *   *.   So I presume that when the clerk of a court has certified in his deed book, or upon a deed, that it was duly acknowledged by the parties thereto, the certificate is conclusive of the acknowledgment and cannot be contradicted."

In *Wessel* v. *Bargamin*, 137 Va. 701, 712, 120 S. E. 291, Sims, J., speaking for the court, says:   "The well settled rule that improper evidence introduced by a party, if unobjected to by his opponent, will be considered by the appellate court as if it were proper evidence, on the ground that the opponent has waived objection to it, but this rule has no application where the judgment is by default."

[6] The provisions of section 6046, Code 1919 (formerly section 3211 of Code 1887), with respect to returning the notice to the clerk's office within five days

after service, are mandatory and must, where the judgment is by default, be strictly complied with, or the judgment will be void. *Swift & Co.* v. *Wood*, 103 Va. 497, 49 S. E. 643; *Bowles* v. *Brauer*, 89 Va. 466, 16 S. E. 356; *Turnbull* v. *Thompson*, 27 Gratt. (68 Va.) 306.

[7] In computing the time in which notice must be returned to the clerk's office, the day of service is to be counted but not the date on which the notice is returned. Code, section 5 of subsection 8; *Swift & Co.* v. *Wood*, 103 Va. 495, 49 S. E. 643.

[8] Upon the face of the record, it is apparent that the court never acquired jurisdiction over the person of S. R. Brame, and that the judgment against him is void.

The judgment will be reversed and set aside, and the case dismissed at the cost of the defendant in error, without prejudice to him to institute and prosecute a new suit upon the same cause of action, if he shall be so advised.

*Reversed.*