JUSTICE COMPTON, with whom CHIEF JUSTICE CARRICO
joins, dissenting.
“In Virginia, the doctrine of stare decisis is more than a mere cliché. That doctrine plays a significant role in the orderly administration of justice by assuring consistent, predictable, and balanced application of legal principles. And when a court of last resort has established a precedent, after full deliberation upon the issue by the court, the precedent will not be treated lightly or ignored, in the absence of flagrant error or mistake.” Selected Risks Ins. Co. v. Dean, 233 Va. 260, 265, 355 S.E.2d 579, 581 (1987).
Established precedents ought not to vary with every change in the appellate court’s personnel. Kelly v. Trehy, 133 Va. 160, 169, 112 S.E. 757, 760 (1922). Frequent overruling of an appellate court’s decisions tends to bring adjudications of the tribunal “into the same class as a restricted railroad ticket, good for this day and train only.” Smith v. Allwright, 321 U.S. 649, 669 (1944) (Roberts, J., dissenting). Responsible decisionmaking leaves no room for “jurisprudence of doubt.” Planned Parenthood v. Casey, 505 U.S. 833, 844 (1992).
In common law cases, the interest in stability demands uniformity and certainty, particularly when rules of property and contract have been established. W. M. Lile, Some Views On The Rule of Stare Decisis, 4 Va. L. Rev. 95, 101 (1916). Dean Lile expressed the doctrine of stare decisis in general terms: “A decision by a court of last resort, in a litigated controversy, on a question of law necessarily involved in the judgment, becomes a precedent within that jurisdic *511 tion, for subsequent cases involving substantially similar facts.” Id. at 97.
But the interest in stability is not the only interest stare decisis serves in common law cases. There are other concerns relating to the manner in which appellate judges decide cases. For example, “respect for precedent encourages the Court to be fair by reminding the Justices to treat like cases alike.” Note, Constitutional Stare Decisis, 103 Harv. L. Rev. 1344, 1349 (1990). Moreover, “respect for precedent helps promote public confidence in the law.” Id. If an appellate court does not respect its own precedent, then the public, the bench, and the bar are less likely to have confidence in the decisions that are made. Furthermore, employing the doctrine of stare decisis assures the public that an appellate court’s judgments are not arbitrary and that the court is controlled by precedent that is binding without regard to the personal views of its members. Id.
Against the background of these settled principles, a bare majority of this Court, in a case construing a contract, today overrules a holding that is merely two years old. The accident facts here and in Stern v. Cincinnati Ins. Co., 252 Va. 307, 477 S.E.2d 517 (1996), are substantially identical; the contract provisions are the same; and, the issues are identical. Yet a Court majority (including three members who were in the minority in Stem, and who ought to feel bound by it), strains to draw distinctions that make no difference and says that the holding on “use” in Stem should be jettisoned. I cannot agree.
The decision on that question of law was necessarily involved in the judgment in Stem and should be binding, as here, in a subsequent case with substantially similar facts. No flagrant error or mistake was made in Stem, which was decided after full deliberation upon the issue by the Court. Parenthetically, I note the “irreconcilable conflict” with the Stern precedent, mentioned by the majority, is created by the analysis it advances in this case.
Accordingly, I would affirm the declaratory judgment of the trial court in all respects.